

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 18, 1977

The Honorable Leonard Prewitt          Opinion No. H-945
Executive Secretary
Teacher Retirement System of Texas   Re:  Purchase of Teacher
1001 Trinity Street                          Retirement credit for
Austin, Texas   78701                      service as a teacher in
                                                   the armed forces.

Dear Mr. Prewitt:

You have presented several questions for our considera-
tion concerning the ability of a member of the Teacher
Retirement System to purchase out-of-state teaching credit
for teaching while such person was a member of the United
States Armed Forces.  In this regard, you first ask:

> Does teaching at a United States military
> service academy or teaching as an instructor
> in any Reserve Officers Training Corps
> program while a member of the United States
> Armed Forces qualify for purchase as out-
> of-state teaching service under Section
> 3.26 of the Texas Education Code?

Section 3.26 of the Texas Education Code states:

> (a) Any member of the retirement system
> who has been employed as a teacher or as
> an auxiliary employee in any public school
> system maintained in whole or in part by
> any other state or territory of the United
> States or by the United States for children
> of United States citizens may purchase
> equivalent membership service credits under
> this retirement system for such service.

p. 3949

Certainly, there are numerous types of fact situations which are encompassed in your questions, and the determination of whether a particular situation falls within the statute involves a determination of fact. The Legislature, in this case, has specifically delegated the authority to make such fact determinations to the State Board of Trustees of the Teacher Retirement System in section 3.23, which reads, in pertinent part:

> (a) <u>Under such rules and regulations as the State Board of Trustees may adopt</u> a member shall be allowed membership service credit for each year of service rendered in accordance with the provisions of this chapter if he has made and maintained with the retirement system all deposits and payments required by this chapter or prior existing laws. (Emphasis added).

In view of the foregoing, we cannot say as a matter of law that a member of the military employed as a teacher in a United States Armed Forces service academy or as an instructor in a Reserve Officers Training Corps program in a public school, is or is not eligible under 3.26 to purchase membership service credits.

Although your remaining questions are conditioned on an affirmative answer to the first question, we will nevertheless consider them on the assumption that should the State Board of Trustees of the Teacher Retirement System reach an affirmative conclusion on the issue presented by your first question, these questions will become relevant. The remaining questions are as follows:

> [M]ay such service be purchased, at the option of the member of the Retirement System, under either Section 3.26 of the Code as out-of-state teaching service, or under Sections 3.23 and 3.24 of the Code as military service?

> [M]ay such service be purchased twice by the member of the Retirement System under both Section 3.26 of the Code as out-of-state teaching service and Sections 3.23 and 3.24 of the Code as military service?

> [M]ay such service be purchased by the
> member of the Retirement System as out-
> of-state teaching service under Section 3.26
> of the Code when the member has the maximum
> military service permissible under Section
> 3.23 of the Code?

Section 3.26(a) (quoted above) permits any member of
the retirement system who has been employed as a teacher or
auxiliary employee in an out-of-state public school system
to purchase equivalent membership service credits for such
service. Section 3.26(c) goes on to provide that:

> (c) For each year that deposits are made,
> the member shall be granted immediately
> upon payment of the required deposit one
> year's membership service credit subject,
> however, to the special conditions which
> are:

> > (1) No person shall be allowed to
> > acquire credits on the basis of
> > employment as a teacher or auxiliary
> > employee outside this state in excess
> > of one year for each one year of
> > service in Texas.

> > . . . .

> > (3) No more than 10 years' total
> > credit can be purchased under the
> > provisions of this section.

Section 3.23 provides that:

> (b) Any member who performed one or more
> years of military duty while a member of
> the retirement system shall be permitted to
> deposit to his individual account in the
> member savings account for each year of
> duty an amount equal to his deposits made
> with the retirement system during the last
> preceding full year of service as a teacher
> or auxiliary employee. He shall then be
> entitled to one year of membership service
> credit for each year of military duty.

> (c) Any member who performed one or more
> years of military duty <u>prior to</u> becoming
> a member of the retirement system shall be
> permitted to deposit to his individual
> account in the member savings account for
> each year of such military duty, <u>but not to
> exceed five years</u>, an amount equal to his
> deposits made with the retirement system
> during the first full year of service as a
> teacher or auxiliary employee after becoming
> a member of the retirement system.  He shall
> then be entitled to one year of membership
> service credit for each year of military duty.
> (Emphasis added).

If a member of the retirement system has performed such service
so as to fall within either of these categories, we can
determine no statutory basis for precluding that member
from choosing the category under which he wishes to purchase
membership service credits.

We note that section 3.24 contains no provision for
<u>purchase</u> of membership service credit.  Instead section 3.24
allows a member who has performed military duty to count
years of military service for the purpose of determining
<u>eligibility</u> for retirement but not for the purpose of
<u>calculating</u> the amount of benefits payable to the member on
retirement.  A person who has performed military service but
who fails to make deposits entitling him to membership service
credits under either section 3.26 or 3.23, may still be
granted military leave credits under section 3.24.

Therefore, we answer your second question in the
affirmative:  a person eligible to purchase membership service
credits under both sections 3.26 and 3.23 has the option of
choosing the section under which he will purchase membership
service credits.  If membership service credits have not been
purchased the person may receive military leave credits for
time served on military duty.

Your third question concerns whether a member who
qualifies to purchase membership service credits under both
sections 3.26 and 3.23 may purchase double credits for the
same period of time, <u>i.e.</u> may purchase ten years' membership
service credit for five years of service as a member of the
military and as a teacher in an out-of-state public school
system.  Section 3.21 provides:

> (a) The State Board of Trustees shall
> determine by appropriate rules and regulations
> how much service in any year is equivalent to
> one creditable year of service, but in no case
> shall more than one creditable year of service
> be given for all service in one school year.

> (b) Years of creditable service at retire-
> ment . . . shall consist of the number of years
> of membership service credits . . . and military
> leave credits to which [a member] is entitled.
> (Emphasis added).

The language of this section clearly prohibits the purchase
of double membership service credits for one year of service.
Additionally, we believe this section and section 3.24
prohibit receiving unpurchased military leave credit for the
same time period for which a member has purchased membership
service credits.  Therefore, your third question is answered
in the negative.

Your final question concerns whether a person who has
received maximum military membership service credits under
section 3.23 may purchase additional membership service
credits under section 3.26.

Under section 3.23(b) no maximum is placed on the number
of years of service credit which may be purchased by a member
of the retirement system who "performed one or more years
of military duty while a member of the retirement system."
Section 3.23(c) specifies that a member who performed his
military duty prior to becoming a member of the retirement
system is limited to a purchase of five years of membership
service credits for performance of military duty.  If a
person has been determined to be eligible under both sections
3.23 and 3.26, we can find no intention, embodied in
affirmative legislation, to prohibit purchase of additional
years of service credit under section 3.26 beyond the
maximum provided in section 3.23(c), as long as double credit
is not received for any one year.  Cf. State v. Rapport, 69
A.2d 645, 648 (Conn. 1949).  We believe such an interpretation
does not contravene the purpose of the Teacher Retirement
System statutes as expressed by the court in Teacher Retirement
System v. Duckworth, 260 S.W.2d 632, 636 (Tex. Civ. App. --
Fort Worth 1953) aff'd, 264 S.W.2d 98 (Tex. 1954):

> [T]he principal purpose of our teacher
> retirement statute is to provide support
> for teachers after their teaching days
> are over, and courts should give such a
> statute a liberal construction in order
> to effectuate the purpose intended.

Therefore, your final question is also answered in the
affirmative with the caveat that more than one year
of credit may not be received for any one year of service.

### S U M M A R Y

> If the Board of Trustees of the Teachers
> Retirement System should determine that a
> member of the military who has taught at
> a United States military service academy
> or as an instructor in a Reserve Officers
> Training Corps program is eligible to
> purchase out-of-state teaching service
> credits under section 3.26 of the Texas
> Education Code, that person may choose
> to purchase membership service credits
> under either section 3.26 or 3.23.  A person
> may not receive more than one year of
> creditable service for time served in any
> one school year and therefore may not purchase
> double service credits under both sections.
> However, a person who qualifies to purchase
> membership service credits under both sections
> may purchase credits beyond the maximum
> allowed by section 3.23(c) if he purchases
> the additional credits under section 3.26 and
> he does not receive more than one year
> of creditable service for service performed
> in any one school year.

Very truly yours,

JOHN L. HILL
Attoney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb