## The New York, New Haven and Hartford Railroad Company *vs.* The Town of Orange.

Third Judicial District, New Haven, January Term, 1917.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

Chapter 260 of the Public Acts of 1907, entitled an "Act concerning Change in Location of Highways Crossed by a Railroad," provides that whenever public convenience and necessity requires a change in any highway which passes over or under a railroad, the municipality in which the highway is located may petition the railroad commissioners, who, after notice and hearing, may make such order as they deem necessary for public safety. *Held* that notwithstanding its title, the Act was not limited to changes which effected an alteration in the location of the highway, as contended by the defendant, but applied to any change in the highway, whether of width, grade, or location; and therefore that it was within the power of the railroad commissioners, in the interest of public safety and convenience, to require the widening of the space between the abutments of a railroad bridge over a highway.

The Act further authorized the railroad commissioners to apportion the cost of making such change, among the railroad company, the municipality, and "any street railway company whose tracks are located in such highway or which has power to lay its tracks therein as provided by § 3863 of the General Statutes." *Held:*—

1. That the language quoted simply meant that if there was a street railway company whose tracks were in the highway or which had the power to place its tracks therein, some part of the expense of making the prescribed change should be apportioned to it.

2. That in determining the cost of the required change, all items of expense necessary to put the crossing in practical condition for use by the municipality and the railroad company, were properly included.

The title of an Act is significant, but not controlling, in arriving at the legislative intent.

Argued January 23d—decided February 21st, 1917.

Action to recover one third of the cost of making certain alleged highway changes by the plaintiff, pursuant to an order of the railroad commissioners, brought to and tried by the Superior Court in New Haven

County, *Tuttle, J.;* facts found and judgment rendered for the plaintiff for $8,091, and appeal by the defendant. *No error.*

*George E. Beers* and *Charles F. Roberts,* for the appellant (defendant).

*Harrison T. Sheldon* and *William B. Gumbart,* for the appellee (plaintiff).

THAYER, J. Upon the petition of the warden and burgesses of the borough of West Haven, representing that the space between the abutments of a bridge of the plaintiff's Berkshire division over a highway called Campbell Avenue within the borough, was so narrow as to cause great danger to life and property, and that common convenience and necessity required a widening of such space, and asking for an order upon the plaintiff for the widening of the space sufficiently to secure the safety of the public, the railroad commissioners, after notice and hearing, found that public convenience and necessity required a change in the highway, and ordered the plaintiff to erect an arch over the same sixty feet in width, with sidewalks ten feet wide on each side of the avenue under the arch, as delineated on a plan on file in their office, and upon completion of the change in the highway, that the total cost thereof, including all damages, or special damages, if any, should be apportioned, one third to the borough, one third to the plaintiff, and one third to a street railway company whose tracks were located in the highway.

The plaintiff erected the arch and made the other changes in the highway at a cost of $17,527.43, and apportioned to the borough $5,842.48, one third thereof, to recover which this action was brought. It is agreed

that the town of Orange, by virtue of a special act of the General Assembly, has become liable for all the obligations of the former borough of West Haven, so that this action is properly brought against the defendant town.

A demurrer to the substituted complaint was overruled, and this was assigned for error; but the questions thus raised have not been pursued in the defendant's brief or argument, and, so far as the objections to the complaint were not overcome by subsequent amendment, the same questions were raised upon the trial as upon the demurrer, and have been argued upon other assignments of error. The correctness of the rulings upon the demurrer need not, therefore, be considered, except as their correctness appears in the consideration of the other assignments.

The defendant claims that the railroad commissioners had no power to make that part of the order now in question which provided that the cost of changing the highway should be apportioned between the plaintiff, the borough, and the street railway company, and that the order to that extent was void; and that no obligation ever rested upon the borough to pay one third of the cost of the changes made.

The town's position is that the borough's petition to the railroad commissioners did not refer to any statute as entitling it to the relief asked for as a foundation for its claim for relief; that there were only two statutes which could plausibly be claimed to be applicable to the case, namely, § 3708 of the General Statutes and Chapter 260 of the Public Acts of 1907; that the latter was not in fact applicable, and that the former, while warranting the remainder of the order, did not authorize the railroad commissioners to impose upon the borough any portion of the cost of making the change in the highway.

Section 3708 provides that every company which shall construct a railway across any highway shall construct it so as to cross over or under the highway, and that it shall make and maintain such bridges, abutments, etc., as the railroad commissioners shall order and the convenience and safety of the public travel upon such highway may require, but that under certain circumstances the commissioners may order the railroad company to construct its railroad at such crossing upon a level with the highway. This statute has been long in existence and its main purpose, as is evident, was to prevent, after its passage, the construction of railroads across existing highways at grade except in rare cases where, for special reasons, the commissioners may order their construction across the highway at grade. The defendant is correct in its claim that this statute makes no provision for the payment by the municipality, which has the duty of keeping the highway in repair, of any part of the expense of building the bridge or its approaches which are referred to in the statute. Whether, in the absence of a conflicting statute, the railway company would under this statute, as claimed by the defendant, be bound to build and maintain at its own expense not only the bridge ordered to be built at the time the railroad was constructed, but future bridges of greater length and greater cost made necessary by changes in the highway to meet the convenience and necessities of public travel upon the highway, we need not stop to inquire, because, if so, we are satisfied that the law was changed by Chapter 260 of the Public Acts of 1907, under which it is manifest that the railroad commissioners were acting when they passed the order whose validity is now attacked. That Act provides that "when any highway passes over or under a railroad, if the convenience and necessity of the public

require a change in such highway, the town, city, or borough in which such highway is located may bring a petition to the railroad commissioners . . . and, after the notice prescribed, . . . said railroad commissioners shall proceed to a hearing on said matter, and may make such order as they deem necessary for the convenience and necessity of the public or the safe and suitable operation of the railroad. . . . The expense of any changes ordered as hereinbefore provided shall be apportioned among the railroad company, the town, city, or borough interested therein, and any street railway company whose tracks are laid in such highway."

The language of the statute clearly covers any case where the convenience and necessity of the public require a change in any existing highway which passes over or under a railroad. In the case before us the undisputed facts show that the highway in question was an ancient highway when the railroad, which is now the plaintiff's Berkshire division, was laid out; that the highway was laid out two and a half rods wide in 1775, and was of that width when the railroad was located and built over it in 1872. After the railroad was located the railroad commissioners ordered that it should cross over the highway by a bridge, the opening in which for the highway should be thirty feet wide. The bridge was so built, the railroad purchasing from the owners the land, within *its* layout, which abutted on the highway on each side. At the time the order now in question was passed, and for some years prior thereto, the width of the highway outside of the portion crossed by the location and layout of the railroad was sixty feet. This was the condition of things when the petition was brought, and the railroad commissioners having found that public convenience and necessity required a change in the high-

way so that the space between the abutments of the bridge over the same should be sixty instead of thirty feet wide and the highway of the same width within as without the railroad location, the case comes clearly within the language of the Act of 1907, Chapter 260, there being a highway passing under a railroad which the convenience and necessity of the public required to be changed.

The defendant contends that the widening of the highway from thirty to sixty feet did not constitute a change within the meaning of the Act, and that the change contemplated by the Act was a change of the location of the highway. That a highway may be changed by widening it, or by raising or lowering its grade, seems too clear to require discussion. The language of the Act is broad enough to clearly include such changes. Nowhere in the Act is there any language tending to limit the change in the highway to a change in its location. On the contrary, the broad language used would seem to refer to any change, whether of width, grade, or location. In one place the changes are called alterations. In another it is provided that the party upon whom the duty of making the changes is imposed may use the material and abutments of an existing bridge in the old highway in the construction of a bridge in the substituted or changed highway. The commissioners are given power to make such orders as they deem necessary for the convenience and necessity of the public, or the safe or suitable operation of the railroad, coupled with the broad powers which are given them in the statute relating to the removal of grade-crossings (General Statutes, § 3713) which has been held to empower them, for the purposes of that statute, to change the location of the highway or the width or grade of the same. The Act does not purport to be an amendment of either § 3708 or § 3713.

The purpose of the first of these was, as already stated, to prevent the construction of railroads across existing highways at grade. The purpose of the latter was to provide a method of removing grade-crossings where they already exist. The Act of 1907 deals with crossings where the grade of the highway is already separated from that of the railroad. Its purpose is to provide a process by which changes in the highway affecting the railroad at such crossings, may be secured by municipalities responsible for the construction and repair of such highways, when the necessities of public travel require such changes. The Act is in no respect in conflict with either of the sections of the General Statutes referred to, unless it be that the apportionment of the expense of making the change, which is provided for therein, is inconsistent with the provision (§ 3708) that the railroad shall build and maintain the bridges, abutments, etc., required to separate the two grades. The defendant claims that there is an inconsistency here, but it refers to it not as showing that the Act of 1907 amends § 3708, as it does if inconsistent with it, but as showing that it is improbable that the legislature intended by this Act to give the railroad commissioners power to make such a change as was ordered in the present case. It is said that the policy of the State from 1849 when the Act, which, with changes, is now § 3708, was passed, has been to impose upon railroads the expense of building and maintaining all bridges, abutments, etc., required to avoid or remove grade-crossings, and that it is not to be supposed that in cases like the present it was intended to depart from that settled policy. The defendant is not quite accurate in the supposition that railroads, in all cases, have been required to build at their own cost and maintain all such bridges at such crossings. The Grade-Crossing Act, General Statutes,

§ 3713, which was enacted long after the Act which is now § 3708, provides for the apportionment of the expense required to carry out the order of the railroad commissioners to separate the grades. This provision is similar to the one in the 1907 Act. Whether a railroad which has built and is maintaining a bridge over a highway as ordered by the railroad commissioners should, when public convenience and necessity require a wider highway, be compelled to build and maintain a new, longer and more expensive bridge to answer such demand for a wider highway, or whether it would be fair and equitable in such a case to require the municipality which asks for the change to pay some portion of the expense of it, are fair questions for the legislature; and the fact that that body has enacted a law which provides for the apportionment of the expense of making a change at such a highway-crossing among the parties interested, affords no logical ground for the inference that the apportionment can be made only when the change made is in the location of the highway. The view that the change referred to in the Act of 1907 is a change in the location of the highway, was doubtless suggested to the defendant's counsel by the title to the Act as printed, where it is entitled "An Act concerning Change in Location of Highways crossed by a Railroad." Viewing the language of the entire Act, it is clear that the legislature intended that the Act should apply to other changes than those referred to in the title. The title to an Act is significant, but not controlling, in arriving at the intent of an enactment. We are satisfied from the language of the Act itself that the legislature intended by it to provide a way for securing a change in the width or grade of a highway at a railroad-crossing like that here in question, as well as changes in the location of the highway, and consequently that the Superior Court correctly

held that the railroad commissioners acted within their jurisdiction in making the orders now complained of. This determines the case upon its merits and makes it unnecessary to inquire whether, upon the court's finding, the defendant was estopped to question the jurisdiction of the commissioners in passing the orders.

It is claimed by the defendant that if the cost of the change in the highway could be apportioned, too large an apportionment was made to the borough, for two reasons. It is claimed that items were included in the damages which represent the expense of equipping and running the railroad, and that under the provisions of the statute no more than one quarter of the expense of the change could legally be apportioned to the borough.

As we understand the first claim, it is that the expense which was apportioned included the erection of a new bridge, and, inferentially, equipping it with rails, etc., and building abutments and embankments as called for by the change in the bridge, and that these were equipments for running the railroad and not changes in the highway. These were a necessary part of the change in the highway ordered by the commission. By "the expense of any changes ordered," the statute means all the necessary expense which the party ordered to make the change is put to in making it. The statute expressly provides for the use of the old bridge and abutments in making the change. This is as much a part of the expense of the change as land damage and the cost of grading the highway and laying the sidewalks. The change provided for involves all that is necessary to put the crossing in practicable condition for use by the town or borough and the railroad.

The second claim is that the apportionment is to be "among the railroad company, the town, city, or borough interested therein, and any street railway

company whose tracks are located in such highway or which has power to lay its tracks therein as provided by section 3863 of the General Statutes." It is claimed in the defendant's brief that the apportionment is to be made as provided in § 3863. We think that the language quoted means that the apportionment is to be made among the railroad, the municipality involved, and if there be any railroad company which has tracks located in the street or which has power to lay its tracks therein as provided by § 3863, some of the expense shall be apportioned to it. Section 3863 does not provide for any apportionment of expense. It gives street railway companies which have tracks in the highway or power to lay tracks there, the right to apply for a change of grade, and provides that the proceeding upon their petition shall be the same as provided in § 3713. Chapter 260 of the Acts of 1907 expressly provides that the apportionment shall be made in such manner as the commissioners deem equitable, but that the apportionment to the town or borough applying for the change shall in no case exceed one half the expense. The assessment against the borough in the present case was of one third of the cost of the change and was warranted by the statute.

There is no error.

In this opinion the other judges concurred.