STATE EX REL. KATHERINE G. JAMES ET AL. *v.*
RICHARD RAPPORT ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 6—decided November 22, 1949.

*Charles M. Lyman,* for the appellants (plaintiffs).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellees (defendants).

JENNINGS, J.  The plaintiff, on behalf of herself and twenty-three others similarly situated, has brought mandamus to require the defendants, the state teachers' retirement board, to transfer them to the state teachers' retirement association under the terms of 25 Special Laws 538, No. 340 (1947).  The facts are not in dispute.

The plaintiffs entered the service of the state between 1911 and 1939 as training teachers in the training schools of New Haven. As such they taught both teachers and pupils in the public schools. Their salaries were paid by the state and they were under the supervision and direction of the New Haven State Teachers' College. Pursuant to a contract between the state and the city entered into in 1893, the city reimbursed the state for a portion of their salaries.

In 1911 the New Haven teachers' retirement fund was established. 16 Spec. Laws 323, No. 340. All teachers "regularly appointed and employed in the public day schools, by the board of education, including the superintendent of schools and the members of the supervising staff," were members. § 10. The plaintiffs were and remained members of this fund without any option on their part. Until 1947, the city made the deductions required under the act from the amounts paid to the state under the 1893 contract on account of the salaries of the plaintiffs, and the state in turn billed the plaintiffs for these sums. The effect of this transaction was the same as though the plaintiffs had contributed directly to the New Haven fund.

In 1917 a state retirement system for teachers was established and the teachers were organized into a teachers' retirement association. Public Acts, 1917, c. 411 (Rev. 1949, c. 78). From the facts hereinafter related, it is apparent that the city of New Haven elected under § 11 to exempt itself and its teachers from the provisions of the act and that the plaintiffs never contributed to the system.

In 1939 a state employees' retirement plan was created. General Statutes, Cum. Sup. 1939, c. 8a (Rev. 1949, c. 15). It provided (§ 67e) that any person in the service of the state might apply for retirement under the plan. It also contained the following pro-

vision: "Members of the teachers' retirement association who receive their entire salaries from the state may, if they so elect, be retired under this plan." § 70e. The plaintiffs, apparently assuming that they were in a position to do so, elected to take advantage of this offer, and deductions from their salaries were made by the state under this plan up to the date of the complaint. From 1939 to 1947 the plaintiffs were therefore contributing to both the New Haven fund and the state employees' fund and were members of both. Some teachers in the training schools of New Haven were retired during this period and are receiving pensions from both the state employees' fund and the New Haven fund.

The New Haven fund was apparently the last of several independent city funds established for the purpose of retiring city teachers. Its liquidation began in 1943 by an act which set up a different financial system and provided that no additions to membership in the New Haven fund should be made after September 1, 1943. 24 Spec. Laws 342, No. 507, § 6. The statement in the 1911 special act as to the teachers to whom it should apply was repeated in substance.

In 1945 the relationship between the state teachers' retirement association and the state employees' retirement system was redefined. General Statutes, Sup. 1945, § 253h (as amended, Rev. 1949, § 1601). The statute reads, in part, as follows: "Any member of either the state employees' retirement system or the teachers' retirement association, if eligible to belong to the other, may withdraw from the one to which he belongs and join the other when authorized to do so by the concurrent action of the state employees' retirement commission and the teachers' retirement board."

The liquidation of the New Haven fund was finally completed in 1947 by 25 Special Laws 538, No. 340.

Section 1 provides: "On and after September 1, 1947, all teachers employed in the city of New Haven and not then subject to the provisions of chapter 55 of the general statutes [the state retirement system for teachers] . . . shall become and be subject thereto with the same force and effect and with the same privileges and rights . . . as if they had become subject thereto on the day they were first employed as teachers by said city, or on September 1, 1917, whichever day is later, and shall thereupon cease to be subject to the teachers' retirement system of said city."

Pursuant to this special act, the board of education of New Haven certified to the defendants all members of the New Haven fund, not already retired on pension, for transfer to the state teachers' retirement association. The plaintiffs were included. The defendants removed the names of the plaintiffs from the list and added the remaining names to the membership of the association. Thereafter the board of education of New Haven again certified the names of the plaintiffs for transfer but the defendants have refused to add the names of the plaintiffs to the list.

The amount due from the city to the state under the act last cited was determined by an actuarial computation. The amount which would become due to the plaintiffs, as members of the New Haven fund, from the city was included as a factor in this calculation. Since September 1, 1947, no deductions have been made from the salaries of the plaintiffs by either the city or the state, except that the latter has continued to make deductions for the state employees' plan. The city has continued to reimburse the state for a portion of the salary paid the plaintiffs by the state.

This recital of the pertinent statutes has been necessary because the status of the plaintiffs is dependent on their construction in connection with the admitted

allegations of the alternative writ. It is apparent that the plaintiffs occupy a peculiar and, possibly, a unique position. This results from the gradual centralization of educational control noted in *Connor* v. *Spellacy,* 122 Conn. 36, 46; 186 A. 648. The statutes show a conscientious attempt on the part of the General Assembly to provide for every eventuality, a difficult matter in view of the number and complicated provisions of the several acts and of the different factual situations involved.

The 1947 special act directs that "all teachers employed" in New Haven and not then subject to the provisions of the state retirement system for teachers shall become members thereof. The mandate is definite and the plaintiffs, who are teachers employed in New Haven, must prevail unless it can be shown that the act does not apply to them.

As we read the defendants' brief, their first claim is that the plaintiffs cannot claim the right to be transferred to the state retirement system for teachers because they were already subject thereto in 1947 and thus in terms excluded therefrom. The claim comes too late. The plaintiffs joined the New Haven fund prior to 1939 and contributed thereto up to the time of its liquidation in 1947. They were ruled members thereof by an opinion of the attorney general in 1912, and the teachers, the state and the city followed his interpretation for thirty-five years. Rep. Atty. Gen. (1911-12) p. 191. The city of New Haven and its teachers were evidently exempted from the state teachers' retirement system until the passage of the 1947 act. Finally, the defendants have admitted the allegation of the complaint that the plaintiffs became and remained members of the New Haven fund. The practical interpretation of legislative acts by governmental agencies responsible for their administration is a recog-

nized aid to statutory construction. *State ex rel. Gray* v. *Quintilian,* 121 Conn. 300, 304, 184 A. 382. The facts indicated above show conclusively that the plaintiffs are not excluded from the provisions of the 1947 act on the ground that they were members, at that time, of the state teachers' retirement system.

The defendants' second claim is that the payment of two pensions to the plaintiffs in the event of their retirement is contrary to the expressed intent of the General Assembly. General Statutes, § 1601, does indicate that one pension for one person is contemplated. It provides, as stated above, for a transfer between the state teachers' retirement association and the state employees' retirement system and contemplates withdrawal from the one on the joining of the other. No statute has been cited or found which forbids membership in two state funds. The state knew that deductions from the salaries of the plaintiffs for two funds were being made and must have been cognizant of the situation. Double pensions have been and are being paid to persons similarly situated who retired between 1939 and 1947. Any intention to avoid them has not been implemented by affirmative legislation and, again, the practical administration of the acts is not in accord with a denial of double pensions.

The third claim is that the payment of two pensions constitutes an injustice to the state. This claim is without merit. Pensions are more and more recognized as a proper form of social security. The plaintiffs, in good faith, have week by week, month by month and year by year made their contributions to these funds. Those for the state employees' fund have been made directly to the state, and the state, in the settlement between it and New Haven when the New Haven system was finally abolished, received the benefit of the payments made into that system by the

plaintiffs. The result sought by the defendants would deprive the plaintiffs not only of the protection on which they reasonably relied as to one of those funds but of the amount contributed by them, to say nothing of the interest thereon. We should hesitate to ascribe any such intention to the state in the absence of a more definite legislative directive.

As indicated above, the legislative and factual situation is unusual and complicated. All of the ramifications have not been developed, but enough has been said to indicate that the plaintiffs are entitled to the relief demanded. In justice to the state, the relief should be conditioned on the payment by the plaintiffs of the amounts they should have contributed to the state teachers' retirement system. *Roberts* v. *Valentine,* 13 App. D. C. 38, 46; 55 C. J. S. 611, § 347.

Judgment should be rendered that the plaintiffs be transferred to the teachers' retirement association (General Statutes, § 1593) as of the date of the first certification for that transfer made by the board of education of the city of New Haven, upon condition, however, that before they are admitted as members they shall pay to the retirement board (§ 1604) the amount which would have been deducted from their salaries and transmitted to it had they been recognized as members on and since that date.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the plaintiffs in accordance with this opinion.

In this opinion the other judges concurred.