CHERYL CAIRNS *v.* JAMES SHUGRUE,
COMMISSIONER OF TRANSPORTATION

HEALEY, PARSKEY, ARMENTANO, SHEA and WRIGHT, Js.

Argued December 4, 1981—decision released February 23, 1982

*Thomas F. McDermott, Jr.,* for the appellant (plaintiff).

*John C. Bullock,* with whom, on the brief, was *Anthony M. Fitzgerald,* for the appellee (defendant).

SHEA, J. The question presented in this appeal is whether a person who is injured as a result of the claimed defective condition of a road within the grounds of a state educational institution, which the commissioner of transportation is obliged to maintain under General Statutes § 13b-30, for redress must proceed to bring an action against the commissioner pursuant to § 13a-144 or must resort to the claims commissioner pursuant to §§ 4-141 through 4-165b.[1]

The plaintiff brought an action against the defendant transportation commissioner alleging

---

[1] The right to bring a civil action upon a claim precludes its presentation to the claims commissioner. General Statutes § 4-142 provides: "There shall be a claims commissioner who shall hear and determine all claims against the state except: . . . (2) claims upon which suit otherwise is authorized by law . . . ."

that on January 19, 1976, while she was a student at the University of Connecticut, she was injured when she slipped upon an accumulation of ice on Whitney Road which she was crossing. She alleged that the defendant was under a duty to maintain the section of the road where she fell and had neglected to perform this duty properly. Upon a motion of the defendant and in reliance upon admissions and stipulations of the parties, the trial court[2] concluded that Whitney Road was not part of the "state highway system" as defined in § 13a-14 and, therefore, granted summary judgment for the defendant. The plaintiff has appealed.

There is no dispute about the facts relied upon by the trial court in rendering summary judgment. Whitney Road is located on the campus of the University of Connecticut at Storrs. It is one of several highways which provide access to the facilities of this state educational institution. It intersects another of these highways on the campus, Mansfield Road, which in turn intersects Route 195, a primary or secondary highway included in the "state highway system." Whitney Road itself does not appear on any official list of highways constituting the "state highway system" or upon the official map of such system referred to in § 13a-16.

It is not disputed that at the time of the accident the defendant commissioner was required to main-

---

[2] The trial court, *Pickett, J.*, rendered summary judgment for the defendant on January 29, 1980. Judge Pickett set aside the judgment, however, upon motion of the plaintiff, so that the court could determine, in ruling on a supplemental motion for summary judgment, whether Whitney Road is a state highway under § 13a-14 (c). The court, *Stoughton, J.*, granted the supplemental motion, deciding that Whitney Road is not a state highway.

tain Whitney Road, in accordance with § 13b-30,[3] pursuant to a "request of the state agency having jurisdiction over the property involved," the university administration. The statute expressly provides that this duty of maintenance includes the removal of snow. The "duties and responsibilities" of the defendant commissioner include the obligations imposed by this statute. General Statutes § 13b-4 (i).[4]

The plaintiff brought her suit under the authority of General Statutes § 13a-144[5] which allows a person injured "through the neglect or default of the state

---

[3] "[General Statutes] Sec. 13b-30. MAINTENANCE OF ROADS ON STATE PROPERTY. From funds appropriated to the department of transportation for general operations, the commissioner of transportation shall, on request of the state agency having jurisdiction over the property involved, maintain and improve the roads and drives on the grounds of state institutions, state parks, state forests and other state agencies, including the Connecticut Marketing Authority, such maintenance to include the removal of snow."

[4] General Statutes § 13b-4 provides, in pertinent part: "The commissioner shall have the following general powers, duties and responsibilities . . . (i) To exercise and perform such other duties and responsibilities as may be conferred under this chapter [Ch. 242] . . . ." General Statutes § 13b-30 is included in Chapter 242.

[5] "[General Statutes] Sec. 13a-144. DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall

or any of its employees by means of any defective highway . . . which it is the duty of the commissioner of transportation to keep in repair" to bring a civil action against the defendant commissioner. The presence of a dangerous accumulation of ice or snow unquestionably would make a highway defective within the meaning of this statute. *Faircloth* v. *Cox,* 18 Conn. Sup. 499, 501 (1954). See *Burr* v. *Plymouth,* 48 Conn. 460, 469 (1881). It is claimed that Whitney Road was a defective highway because of the icy condition which caused the plaintiff to fall and that the defendant had a duty to correct this condition as part of his obligation to maintain highways upon the grounds of a state institution imposed by § 13b-30.

be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the attorney general and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

The defendant claims that legislative history requires that the broad language of § 13a-144 imposing liability for defective highways "which it is the duty of the commissioner of transportation to keep in repair" should be limited to state highways included in the "state highway system," as defined in § 13a-16.[6] The quoted clause in a slightly different form was included in the original enactment of 1915, when the state first waived its sovereign immunity to authorize a civil action against a state official for a defective highway.[7] It corresponds closely to the provisions of General Statutes § 13a-149 permitting a person injured "by means of a defective road . . . (to) recover damages from the party bound to keep it in repair," a statute of more ancient lineage which has been the basis for impos-

[6] "[General Statutes] Sec. 13a-16. OFFICIAL MAP. TRANSFERS TO LOCAL JURISDICTION. The state highway system shall be that system of highways as shown on the official map marked 'State of Connecticut, State Highway System, Committee to Reclassify All Public Roads, Edwards and Kelcey—Engineers and Consultants, January 13, 1961' and on file in the office of the commissioner and the secretary of the state, as the same may be altered from time to time in accordance with the provisions of sections 13a-42, 13a-43, 13a-44, 13a-45 and 13a-56 and any other provisions of the general statutes authorizing or empowering the commissioner to plan, construct, reconstruct, repair, improve, manage, maintain and operate any highway. Before transferring any road from state to local jurisdiction within the time limits described below, the commissioner shall put such road in reasonably good condition and shall be open to negotiation with the selectmen of any town concerning the condition of any such road upon transfer for a period of at least sixty days before such transfer becomes effective. Transfers under this section shall take effect June 22, 1961, or as soon thereafter as it is practicable for the commissioner and the towns to effect the same, but not later than September 30, 1962, except for such transfers as are under arbitration. Any special act inconsistent herewith is repealed."

[7] Public Acts 1915, Chapter 307, § 1 provided: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of a defective road or bridge which it is the duty of the state highway commissioner to keep in repair . . . may bring a civil action to recover damages sustained thereby . . . ."

ing liability for such accidents upon "any town, city, corporation or borough." The defendant argues that the virtual carry-over of the language of the earlier statute to § 13a-144 had no broader import than to create causes of action for defects in trunk line and state aid highways, which in 1915 were the only ones which the highway commissioner was bound to maintain. See Public Acts 1913, Ch. 174; see Public Acts 1907, Ch. 264. He also relies upon the title given to this enactment in the revision of 1918,[8] "Damages for injuries sustained on state highways," a designation which has remained essentially unchanged.

We find these contentions unpersuasive. That the legislature had in mind only state highways when this statutory action was first created does not mean that when the predecessor to § 13b-30 was enacted in 1949[9] it intended to except highways upon the property of state institutions from the scope of § 13a-144. "There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law." *Hurlbut* v. *Lemelin*, 155 Conn. 68, 74, 230 A.2d 36 (1967). The breach of a duty of repair or maintenance, which the defendant concedes was imposed

---

[8] General Statutes (Rev. to 1918) Chapter 76, § 1489.

[9] "[General Statutes, 1953 Sup.] Sec. 967c. IMPROVEMENT OF ROADS ON STATE GROUNDS. From funds appropriated out of the highway fund to the highway department for general operations, the highway commissioner is authorized and directed, on request of the state agency having jurisdiction over the property involved, to maintain and improve the roads and drives on the grounds of state institutions, state parks, state forests and other state agencies, said work to include the removal of snow."

In 1969, the word "shall" was substituted for "is authorized and directed," and this change has been retained by the statute in its present form, § 13b-30. Public Acts 1969, No. 768, § 70.

upon him by § 13b-30, at common law is a basis
for liability. *Murphy* v. *Norfolk*, 94 Conn. 592,
596, 110 A. 62 (1920). It is difficult to understand the
purpose of § 13b-30 in imposing such a duty upon
the commissioner if the breach of that duty would
afford no redress to persons injured as a result.
Although the defendant argues that a remedy is
provided by pursuing such a claim before the claims
commissioner in accordance with General Statutes
§ 4-142, there was no such procedure available until
1959. Public Acts 1959, No. 685. This avenue, there-
fore, could hardly have been contemplated by the
legislature as affording relief to a person injured
by the breach of the obligation imposed upon the
commissioner by the 1949 enactment.

It also appears that in 1963 the language of
§ 13a-144, which had since 1915 defined the scope of
liability created thereunder by reference to high-
ways "which it is the duty of the highway commis-
sioner to keep in repair," was changed by substitu-
ting the phrase "in the state highway system." Pub-
lic Acts 1963, No. 226, § 144. The defendant would
have us read the statute as if this modification
remained in effect, although it was rescinded in 1965,
leaving the statute in its present form, and the
present language, "by means of any defective high-
way . . . which it is the duty of the highway
commissioner to keep in repair . . ." was adopted.
Public Acts 1965, No. 574, § 50. The 1963 amendment
was included in a recompilation of highway laws
entitled "An Act Restating the Highway Laws."
Public Acts 1963, No. 226, § 144. The 1965 amend-
ment was included in a so-called technical amend-
ment act entitled "An Act Making Certain Correc-
tions in the General Statutes." We are not aware
of any legislative history of value in explaining the

reasons for these statutory revisions. "The title to an Act is significant, but not controlling, in arriving at the intent of an enactment." *New York, N. H. & H. R. Co.* v. *Orange,* 91 Conn. 472, 479, 100 A. 25 (1917). "But if the language is clear and not subject to interpretation, titles are of less significance." *Algonquin Gas Transmission Co.* v. *Zoning Board of Appeals,* 162 Conn. 50, 55, 291 A.2d 204 (1971). The contention of the defendant that the 1965 amendment simply restored the original language of the 1915 enactment, which may have been inadvertently modified in restating the highway laws in 1963, is not quite accurate, since the amendment substituted "by means of any defective highway" for "by means of a defective road," in the earlier enactment. It did not simply undo what had been accomplished in 1963. We think that such indicia as are available point to a conscious adoption of the present form of § 13a-144 by the legislature in 1965 in order to broaden its scope, which had been significantly narrowed in 1963. This conclusion, of course, militates against the defendant's position that the statute should be construed to apply only to injuries occurring upon roads within the "state highway system" as was expressly provided by the 1963 amendment. The 1965 amendment, if it is to be given any effect at all, must be deemed to have removed that limitation on the liability of the defendant commissioner.

The defendant also relies upon an informal opinion of the attorney general[10] given in response to a

[10] The opinion (Opinion No. 65-B) was issued in the form of a letter by Attorney General William L. Hadden to highway commissioner G. Albert Hill dated January 27, 1950. The pertinent portions of the opinion are as follows:

"This is in reply to your letter concerning Public Act. No. 1, adopted by the General Assembly at the Special Session of Novem-

query of the highway commissioner concerning his potential liability for injuries on roads upon state institutions when the predecessor of § 13b-30 was first adopted in 1949. The response of the attorney general was that there would be no such liability because the roads were not state highways. An affidavit furnished by the defendant in support of the motion for summary judgment states that in reliance upon this opinion and its own interpretation, the department of transportation has established the practice of disallowing claims where the injury has occurred upon the road of a state institution rather than one included in the "state highway system." The opinion of the attorney general is entitled to substantial weight, but it is not binding on the court. *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 118, 348 A.2d 651 (1974). Similarly, "[t]he practical interpretation of legislative acts by governmental agencies respon-

ber 1949, and approved by the Governor on December 23, 1949. You have requested our advice with reference to numerous questions propounded by you. I do not believe that the situation warrants the handing down of an official opinion. . . .

"On all other questions asked by you, except as hereinafter noted, it seems that the statutes referred to by you clearly apply to public highways under the jurisdiction of the Highway Commissioner. The Act, above referred to, does not change the character of the 'roads and drives on the grounds of state institutions, state parks, state forests and other state agencies' from private to public highways even though the Highway Commissioner is directed to maintain, improve and remove snow therefrom on request of the state agency having jurisdiction over the property involved. These roads and drives and your duty with respect to them are not affected by the statutes you refer to. . . .

"If, despite the foregoing, you still feel that the situation created by the passage of the law above referred to is one that you must have additional advice on in order to properly carry out the mandate of the Special Session of the General Assembly, then I will be glad to confer with you on this matter and cooperate in every possible way so that your course of conduct will be in strict compliance with the law. . . ."

sible for their administration is a recognized aid to statutory construction." *State ex rel. James* v. *Rapport,* 136 Conn. 177, 182, 69 A.2d 645 (1949). The opinion of the attorney general relied upon in setting the department policy referred to in the affidavit was issued in 1950, prior to the 1963 and 1965 amendments of § 13a-144 which we have found highly significant. The insertion in 1965 of language imposing liability for injuries sustained "by means of any defective highway . . . which it is the duty of the highway commissioner to keep in repair" for "by means of any defective highway . . . in the state highway system" must be deemed an expansion of the more limited scope of the statute as revised in 1963 apparently to reflect the practice of the highway department. These subsequent legislative developments obviously were not considered when the opinion given by the attorney general and the agency practice which followed were formulated.

We conclude that none of the considerations advanced by the defendant can detract from the plain meaning of § 13a-144 that, if the commissioner of transportation has a legal duty to maintain a particular highway, he is subject to liability for injuries occurring thereon which are caused by negligence in performing that duty. Since it is clear that § 13b-30 imposed upon him the obligation to remove the snow from Whitney Road where the plaintiff fell, her suit for damages was authorized by § 13a-144 and the trial court erred in rendering summary judgment to the contrary.

The conclusion we have reached makes it unnecessary to discuss the alternative theory of liability which the plaintiff has presented, that Whitney Road is part of the "state highway system" by

virtue of General Statutes § 13a-14 (c) even though it is not included on the official map of that system referred to in General Statutes § 13a-16.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.