[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This action arises out of an accident that occurred on October 4, 1987 at approximately 1:00 p. m. The plaintiff's decedent Edward J. Toomey, III was operating a motor vehicle that was transporting the plaintiffs Bernice C. Toomey and Mary K. Comporesi. The vehicle was proceeding south on route seven in North Canaan, Connecticut. As the vehicle approached the intersection of route seven and Sand Road, a portion of a tree fell upon the Toomey vehicle killing Edward Toomey and Mary Comporesi and injuring Bernice Toomey.
The plaintiffs have filed a complaint against J. William Burns, Commissioner of Transportation in the State of Connecticut. The complaint consists of four counts including a wrongful death count on behalf of the estate of Edward Toomey, a personal injury claim on behalf of Bernice Toomey, a wrongful death claim on behalf of Mary Comporesi and a claim of property damage on behalf of the estate of Edward Toomey. This action was initiated pursuant to the state defective highway statute, Connecticut General Statutes 513a-144. The defendant has now moved to strike all four counts of the complaint.
The defendant has moved to strike each count of the complaint on the CT Page 1864 grounds that an overhanging tree limb which falls upon a vehicle is not a highway defect within the meaning of Connecticut General Statutes 13a-144
and that the defendant is therefore immune from suit. It is a long-established rule of common law that the state is immune from suit unless it has legislatively consented to be sued. Baker v. Ives,162 Conn. 295, 298 (1972). The state highway liability statute is a legislative exception to the common law doctrine of sovereign immunity and is to be strictly construed in favor of the state. White v. Burns,213 Conn. 307, 321 (1990). Where there is any doubt about the meaning or intent of such a statute, it is to be given the construction which makes the least rather than the most change in sovereign immunity. Id. at 312.
A defect in the highway that would give rise to liability under either the municipal or state highway defect statutes has been defined as "any object in, upon, or near the travelled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of travelling thereon, or which, from its nature and position, would be likely to produce that result." Comba v. Ridgefield, 177 Conn. 268, 270 (1979) quoting Hewison v. New Haven, 34 Conn. 136, 142 (1867). The Comba court went on to hold that tree limbs overhanging a public highway did not fit within the aforementioned definition of a highway defect. Comba, 177 Conn. at 271-72; See also Dyer v. Danbury, 85 Conn. 128 (1911). The plaintiffs in the instant case seek to distinguish this case from Comba by claiming that Comba dealt only with Connecticut General Statutes 13a-149, the municipal highway defect statute, while the case now before the court concerns Connecticut General Statutes 13a-144, the state highway defect statute. A plain reading of Comba reveals the inaccuracy of the plaintiffs' assertion. Comba, 177 Conn. at 269-70. The complaint in Comba was addressed to the alleged liability of the defendants under Connecticut General Statutes 13a-149 and 13a-144. Id. at 269 (emphasis added). Moreover, the Comba court noted that when considering the question of whether a falling tree limb is a highway defect, there is not a substantial difference in the statute imposing liability upon a municipality for a defective roadway and that statute imposing liability upon the state for such a defect. Id. at 269-70. The court declared that for purposes of determining whether a falling tree limb is a highway defect, the municipal and state liability statutes are deemed identical. Id. at 270.
The plaintiffs next seek to defeat the defendant's motion by arguing that Connecticut General Statutes 13a-140 imposes a duty upon the Commissioner of Transportation to cut, prune, and remove trees to provide for safe travel on highways. The plaintiffs claim that such a duty exists and that a breach of such a statutory obligation is sufficient to sustain a claim under Connecticut General Statutes 13a-144. The plaintiffs base this claim on the case of Cairns v. Shugrue, 186 Conn. 300 (1982). In Cairns, the court held that the defendant commissioner's failure to properly maintain a road on the University of Connecticut campus amounted to a breach of a duty under Connecticut General Statutes 13b-30 which required the commissioner to maintain roads on the grounds of the educational institution. Id. at 302-303, 310. CT Page 1865
There are two important factors which distinguish the present case from Cairns. In Cairns the statute upon which liability was based stated that "the commissioner of transportation shall. . .maintain and improve the roads and drives on the grounds of state institutions. . ." Id. at 303 n. 3 (emphasis added). The statute, upon which the plaintiffs seek to base liability in the instant case declares only that "the commissioner may cut, remove or prune any tree. . .within the limits of any state highway so far as is reasonably necessary for safe and convenient travel thereon." Conn. Gen. Stat. 13a-140 (emphasis added). The term "shall" refers to a mandatory requirement. Daily v. New Britain Machine Co., 200 Conn. 562,572 (1986); Hossan v. Hudiakoff, 178 Conn. 381, 383 (1979). The term "may", however, imports discretion rather than a duty that is mandatory. Daily,200 Conn. at 572; Ridgeway v. Ridgeway, 180 Conn. 533, 540 (1980). Therefore, the term "may" as used in 13a-140 cannot be said to impose a duty comparable to that obligation imposed by the use of the word "shall" in 13b-30. Secondly, and perhaps most importantly, the defect present in Cairns was an accumulation of ice. Cairns, 186 Conn. at 302. A dangerous accumulation of ice or snow is unquestionably a highway defect within the meaning of 13a-144. Id. at 304. In contrast, the Comba court held that a tree limb overhanging a public highway is not a highway defect within the meaning of that statute. Comba, 177 Conn. at 271-72. Since an overhanging tree limb does not create such a highway defect, the plaintiffs cannot recover pursuant to 13a-144. See Id. at 271-72.
Accordingly, the motion to strike is granted.
PICKETT, J.