[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (NOS. 105 AND 115)
This is a three count action brought by plaintiff Kenneth Henton against the State of Connecticut, the Department of Corrections, the Cheshire Correctional Institution, Martin J. Meehan (Warden of Cheshire Correctional Institution), the State of Connecticut's Central Motor Pool and August J. Krull, Jr. (an employee of the Central Motor Pool). Count one sounds in negligence against Martin J. Meehan and the Central Motor Pool. Count two sounds in negligence against August J. Krull, Jr. and the Central Motor Pool. Count three sounds in either negligence or recklessness against all defendants. CT Page 8126
On November 5, 1990 all defendants except August J. Krull, Jr. filed a motion to dismiss (docket entry number 105) and supporting memorandum. On November 15, 1990 all defendants except Martin J. Meehan filed a motion to dismiss (number 107) and supporting memorandum. Defendants assert: (1) that the claims commissioner exceeded his authority in granting permission to sue because the plaintiff already had a right of action pursuant to Connecticut General Statutes 52-556, and (2) that this action is time barred by Connecticut General Statutes52-584.
On November 20, 1990 plaintiff filed an objection to motion to dismiss number 105 on the grounds that: (1) co-counsel for defendants has previously filed a motion to dismiss on behalf of the same defendants, and (2) the time period for filing a motion to dismiss has passed. Plaintiff filed a supporting memorandum of law on February 19, 1991.
Plaintiff argues that the defendants should have appealed the decision of the claims commissioner pursuant to Connecticut General Statutes 4-183 of the Uniform Administrative Procedure Act ("UAPA"). Plaintiff also argues that filing with the claims commissioner is necessary to acquire permission to sue state employees. Plaintiff further argues that: (1) the recklessness claims fall outside the purview of Connecticut General Statutes 52-556; (2) the commissioner may authorize suit on any claim; (3) Connecticut General Statutes4-160 (b) is the controlling statute of limitation; (4) laches; and (5) defendants' claims should be raised as defenses and not on a motion to dismiss.
The plaintiff alleges the following pertinent facts: On November 12, 1987 at 8:41 a.m. plaintiff, an inmate of Cheshire Correctional Institution, was being transported in a motor vehicle owned by the Central Motor Pool and operated by August J. Krull, Jr. At said time and place a vehicle owned by the Central Motor Pool and operated by Warden Martin J. Meehan veered into the path of the vehicle in which plaintiff was a passenger. A collision occurred resulting in injuries to plaintiff.
On December 30, 1987 plaintiff filed a claim with the claims commissioner. On July 27, 1990 the commissioner issued his order finding "that the claimant is statutorily qualified to press his claim against the State of Connecticut and I therefore authorize him to bring suit pursuant to the powers vested in me." (Exhibit to complaint.)
On January 22, 1991, the court, Stodolink, J., granted CT Page 8127 plaintiff's motion to cite in as party defendant, Martin J. Meehan in his individual capacity. Plaintiff filed an amended complaint along with the motion to cite in adding a fourth count against Meehan sounding in recklessness. Plaintiff further incorporated allegations of recklessness into counts one and two.
On February 21, 1991 defendant Meehan filed a motion to dismiss in his individual capacity (number 115) adopting the memorandum of law filed by co-defendants. Defendants filed an additional memorandum of law on March 28, 1991 (number 116) arguing that decisions of the claims commissioner need not be appealed under Connecticut General Statutes 4-183 of the UAPA.
The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. Connecticut Practice Book 143. "The issue of subject matter jurisdiction can be raised at any time. . . ." Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556 (1987); and cannot be waived. Connecticut Practice Book 145. "Jurisdiction of the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Castro v. Viera, 207 Conn. 420, 427 (1988). The Superior Court lacks subject matter only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 179
(1989).
"The defense of sovereign immunity may be raised in a motion to dismiss an action against the state." Duguay v. Hopkins, 191 Conn. 222, 227 (1983). (Citations omitted.)
Statutes of limitation can also go to the court's subject matter jurisdiction in some instances:
 The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded. . . . In these instances, a trial court may not raise the limitation on its own motion. Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation, the court may properly raise the CT Page 8128 statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waiver.
Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 445-46 (1988) (citations omitted).
A. SOVEREIGN IMMUNITY
Under the doctrine of sovereign immunity, "the state is immune from suit unless the state by legislation consents to be sued." Horak v. State, 171 Conn. 257, 260 (1976). "This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." Doe v. Heintz, 204 Conn. 17, 31 (1987). The claims commissioner may also authorize suit against the state. Connecticut General Statutes 4-160. The commissioner's authority is limited, however, by Connecticut General Statutes 4-142 which excepts certain claims from the commissioner's hearing and determination including "claims upon which suit otherwise is authorized by law." Connecticut General Statutes 4-142 (2). "The right to bring a civil action upon a claim precludes its presentation to the claims commissioner." Cairns v. Shugrue, 186 Conn. 300, 301
n. 1 (1982).
Connecticut General Statutes 52-556 provides:
 Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury.
"[S]ince the state can act only through its officers and agents, a suit against a state officer is in effect one against the sovereign;" White v. Burns, 213 Conn. 307, 312
(1990); unless the employee's actions were wanton or reckless. Connecticut General Statutes 4-165. It is found that the plaintiff had a right of action against the state for the acts of its employees within the scope of their employment pursuant to section 52-556 and, therefore, the commissioner was precluded from hearing and determining plaintiff's negligence claims. It is clear, however, that the court does have subject matter jurisdiction over plaintiff's negligence claims pursuant to Connecticut General Statutes 52-556. CT Page 8129
It is further found that the court has subject matter jurisdiction over any reckless/wanton claims against the employees in that approval from the commissioner is not necessary for such claims.
B. STATUTE OF LIMITATIONS
Connecticut General Statutes 52-584 is the applicable statute of limitations for an action under section 52-556. Section 52-584 provides in part:
 No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . .
It is clear that the plaintiff's right of action exists independently of the statute of limitation. Accordingly, it is found that the court has jurisdiction over the subject matter of this action and, therefore, the motion to dismiss should be denied on this ground as well.
The motion to dismiss is denied.
WILLIAM J. McGRATH, JUDGE