[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Alan Amore and Ellen Gould Amore, filed a two-count complaint against Emil Frankel, Commissioner of the Connecticut Department of Transportation, seeking damages for injuries which Alan Amore sustained when he fell on an icy driveway on the Storrs campus of the University of Connecticut on March 6, 1989. The first count alleges a cause of action pursuant to Conn. Gen. Stat. Sec. 13a-144 on behalf of Alan Amore. The second count is a loss of consortium claim on behalf of Alan's wife, Ellen.
The defendant has moved to dismiss the plaintiff's action on the ground that it is barred by the doctrine of sovereign immunity. The defendant filed a memorandum of law in support of his motion to dismiss, accompanied by the affidavits of Larry Schilling, Director of Physical Plant at the University of Connecticut, and Herbert Quinley, Special Services Section Manager of the Bureau of Highways of the Department of Transportation. The plaintiffs filed a memorandum of law in opposition to the defendant's motion.
A motion to dismiss is the proper vehicle to challenge the subject matter jurisdiction of the court. Practice Book Sec. 143; see Castro v. Viera, 207 Conn. 420, 433 (1988). The defense of sovereign immunity may be raised in a motion to dismiss an action against the state. Duguay v. Hopkins,191 Conn. 222, 227 (1983); see Barde v. Board of Trustees,207 Conn. 59 (1983).
If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. CT Page 7683 Duguay, 191 Conn. at 227. Where, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde,207 Conn. at 62; see Garden Mutual Benefit Association v. Levy,37 Conn. Sup. 790, 791 (App. Sess. 1981).
The defendant argues that the plaintiffs' action is barred by the doctrine of sovereign immunity because the maintenance and repair of the driveway where the plaintiff fell was not the responsibility of the Department of Transportation, but of the University of Connecticut physical plant department, making Section 13a-144 inapplicable to the action. The plaintiffs argue that this motion to dismiss is actually a motion for summary judgment in disguise and is not the proper vehicle for resolving issues of material fact and disputes over the scope of statutory duties. The plaintiffs claim that their action is proper under the court's holding in Cairns v. Shugrue, 186 Conn. 300 (1982), which reversed the granting of summary judgment for the defendant commissioner in a factually similar case on the ground that "the action for damages was authorized under Section 13a-144
in light of the duty that Section 13b-30 imposed upon the Commissioner."
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." Lamb v. Burns, 202 Conn. 158, 167 (1987), citing Duguay, Conn. at 227; see White v. Burns, 213 Conn. 307, 312
(1990). The state highway liability statute is a legislative exception to the common law doctrine of sovereign immunity and is to be strictly construed in favor of the state. White, 213 Conn. at 321. Where there is any doubt about the meaning or intent of such a statute, it is given the effect which makes the least rather than the most change in sovereign immunity. Id. at 312.
Conn. Gen. Stat. Sec. 13a-144 provides, in part,
 [a]ny person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
CT Page 7684
"[T]he phrase `which it is the duty of the . . . . [commissioner of transportation] to keep in repair' identifies those highways to which the state's liability may attach." Lamb, 202 Conn. at 169.
Conn. Gen. Stat. Sec. 13b-30 provides, in part,
 . . . the commissioner of transportation shall, on request of the state agency having jurisdiction over the property involved, maintain and improve the roads and drives on the grounds of state institutions, state parks, state forests and other state agencies, . . . such maintenance to include the removal of snow.
The case of Cairns v. Shugrue is distinguishable from the case at hand. In Cairns, the court stated that "[i]t is not disputed that at the time of the accident the defendant commissioner was required to maintain Whitney Road, in accordance with Section 13b-30, pursuant to a `request of the state agency having jurisdiction over the property involved,' the university administration." Cairns, 186 Conn. at 302-3
(footnote omitted). In this case, the defendant has presented affidavits which reveal that the driveway where the plaintiff fell was within the responsibility of the University of Connecticut's physical plant department for ice and snow removal and that the University's landscaping crew would remove any snow or ice or sand the driveway area; and that the driveway is "outside of the Department of Transportation's responsibility for maintenance and repairs," and the "Department of Transportation at the time of this incident did not own or maintain the driveway." The plaintiffs have not disputed any of the facts set forth in these affidavits. The driveway where the plaintiff fell was outside the scope of the commissioner's duty to maintain or repair pursuant to sections 13b-30 or 13a-144. Hence, the defendant's motion to dismiss is granted.
HON. HOWARD SCHEINBLUM, J. Superior Court Judge