ROBERT B. KUCHINSKI, CONSERVATOR (ESTATE OF ROBERT P. KUCHINSKI) *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION, ET AL. (8801)

FOTI, LAVERY and LANDAU, Js.

Argued June 5—decision released September 11, 1990

*Joseph Biraglia,* with whom, on the brief, was *Charles E. Oman III,* for the appellant (plaintiff).

*Paul E. Pollock,* for the appellee (named defendant).

PER CURIAM. The plaintiff[1] appeals from the judgment rendered in favor of the defendant[2] J. William Burns, commissioner of transportation, following the granting of the defendant's motion to strike the plaintiff's second substitute complaint.

The plaintiff, Robert B. Kuchinski, is seeking recovery from the defendant under General Statutes

---

[1] The plaintiff Robert B. Kuchinski is the conservator of the person and the estate of Robert P. Kuchinski, an incapable person.

[2] On August 4, 1989, the action was withdrawn as to two defendants, leaving J. William Burns, commissioner, as the only defendant.

§ 13a-144 for injuries sustained by his ward Robert P. Kuchinski, on September 17, 1986. As a result of a motorcycle accident, Robert P. Kuchinski suffered a closed head injury with brain stem contusions and was comatose for a period of time. The plaintiff notified the defendant of the accident on March 13, 1987, 177 days after the accident. On October 10, 1989, the defendant filed his motion to strike the plaintiff's complaint, claiming that the required notice was not timely given in accord with the statutorily mandated ninety day time period set forth in § 13a-144. On November 13, 1989, the trial court granted the defendant's motion on the ground that notice of the claim had not been timely filed. On December 18, 1989, the court granted the defendant's motion for judgment.

The plaintiff claims that the trial court improperly rendered judgment after granting the defendant's motion to strike. He asserts that the ninety day period mandated by § 13a-144 should be deemed to run from the date that a fiduciary is appointed rather than from the date of the accident. The plaintiff argues that since a conservator was appointed on December 22, 1986, and notice was given on March 13, 1987, eighty-one days after the appointment of a fiduciary, that notice was timely under § 13a-144. We do not agree.

Our Supreme Court has long recognized the common law principle that the state cannot be sued without its consent. *Horton* v. *Meskill,* 172 Conn. 615, 623, 376 A.2d 359 (1977); *Textron, Inc.* v. *Wood,* 167 Conn. 334, 339, 355 A.2d 307 (1974). "The absolute bar of actions against the state on the ground of sovereign immunity has been modified by statute and by judicial decisions." *Krozser* v. *New Haven,* 212 Conn. 415, 420–21, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S. Ct. 757, 107 L. Ed. 2d 774 (1990). In the absence of legis-

lative authority, no monetary award against the state may be permitted. *Fetterman* v. *University of Connecticut,* 192 Conn. 539, 550, 473 A.2d 1176 (1984).

"General Statutes § 13a-144 created a cause of action, 'wholly unauthorized by the common law.' *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 371, 143 A.2d 454 (1958)." *Zotta* v. *Burns,* 8 Conn. App. 169, 173, 511 A.2d 373 (1986). The statute must be strictly construed. Id.

Section § 13a-144 provides in pertinent part that "[n]o such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner." Giving this statutorily mandated written notice of injury is a condition precedent to the cause of action. *Wethersfield* v. *National Fire Ins. Co.,* supra.

The purpose of the statutorily required notice is to allow the commissioner to perform a timely investigation of the facts upon which the claim is based. *LoRusso* v. *Hill,* 139 Conn. 554, 95 A.2d 698 (1953). In addition, " '[s]tatutes in derogation of sovereignity should be strictly construed in favor of the state, so that its sovereignity may be upheld and not narrowed or destroyed.' " *Duguay* v. *Hopkins,* 191 Conn. 222, 232, 464 A.2d 45 (1983).

In light of the above, we must reject the plaintiff's invitation to read into the statute that the ninety day period should, in this case, run from the date of the appointment of the fiduciary.[3] The wording of the stat-

---

[3] The plaintiff argues that basic fairness and equity require an extension of time for this notice under these circumstances. We note, however, that without General Statutes § 13a-144 these and other similarly situated plaintiffs would have no cause of action at all.

ute is clear and unambiguous. The notice requirement of § 13a-144 is a time limitation and as such is a condition precedent to maintaining an action under the statute.

The judgment is affirmed.