GLORIA GAGNE, ADMINISTRATRIX (ESTATE OF MICHELLE GAGNE) *v.* NATIONAL RAILROAD PASSENGER CORPORATION ET AL.
(9508)

SPALLONE, DALY and LAVERY, Js.

Argued September 12—decision released October 8, 1991

*Lester Katz,* with whom was *William J. McLeod,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom, on the brief, was *Maureen Sullivan Dinnan,* for the appellee (defendant commissioner of transportation).

DALY, J. The issue presented in this appeal is whether the defendant J. William Burns, the commissioner of transportation for the state of Connecticut, can be held liable under the highway defect statute, General Statutes § 13a-144.[1] The trial court granted the commis-

---

[1] General Statutes § 13a-144 provides in pertinent part: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action . . . against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . . The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway."

sioner's motion for summary judgment and the plaintiff appealed. We affirm the decision of the trial court.

There is no dispute as to the facts in this case. On November 18, 1985, a motor vehicle and a Conrail train collided at the intersection of Toelles Road and South Colony Street in the town of Wallingford. The plaintiff's decedent, Michelle Gagne, was a passenger in the motor vehicle and died as a result of the accident. Her administratrix brought suit on her behalf against the National Railroad Passenger Corporation, Consolidated Rail Corporation, the town of Wallingford and Burns. This appeal concerns only the fourth count of the amended complaint which asserts a cause of action against Burns based on General Statutes § 13a-144.

The trial court granted the commissioner's motion for summary judgment. The plaintiff then appealed that ruling. The dispositive issue raised by this appeal is whether the commissioner was obligated to keep Toelles Road in repair, thus giving rise to liability under § 13a-144. We find that in this case as a matter of law the commissioner did not have a duty to repair Toelles Road. Thus, we affirm the decision of the trial court granting summary judgment in favor of the commissioner.

At common law, the state could not be sued without its permission. *Horton* v. *Meskill*, 172 Conn. 615, 623, 376 A.2d 359 (1977); *Kuchinski* v. *Burns*, 23 Conn. App. 198, 199, 579 A.2d 585, cert. denied, 216 Conn. 826, 582 A.2d 204 (1990). The highway defect statute, General Statutes § 13a-144, created a cause of action "wholly unauthorized by the common law." *Wethersfield* v. *National Fire Ins. Co.*, 145 Conn. 368, 371, 143 A.2d 454 (1958); *Kuchinski* v. *Burns*, supra, 200. Thus, "because there was no right of action against the sovereign state at common law, a plaintiff, in order to recover, must bring himself within § 13a-144." *White* v. *Burns*,

213 Conn. 307, 321, 567 A.2d 1195 (1990); *Baker* v. *Ives,* 162 Conn. 295, 298, 294 A.2d 290 (1972). Section 13a-144 must be "strictly construed in favor of the state." *White* v. *Burns,* supra; *Kuchinski* v. *Burns,* supra.

In this case, the commissioner sought the following admissions from the plaintiff: (1) Toelles Road was not a state highway within the framework of General Statutes § 13a-144; (2) at all times relevant in this complaint, the state of Connecticut had no statutory duty to keep and repair Toelles Road; (3) at all times relevant in this complaint, Toelles Road was a town road, which the town of Wallingford had the duty to maintain and repair. The plaintiff's failure to respond to the commissioner's requests for admission resulted in the requests being deemed to have been admitted. Practice Book § 239.[2] The plaintiff did not attempt to withdraw or amend her admissions pursuant to Practice Book § 240.[3] Thus, the facts recited in the requests for admission are "conclusively established." Practice Book § 240. The granting of summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions. *Orenstein* v. *Old Buckingham Corporation,* 205 Conn. 572, 575–77, 534 A.2d 1172 (1987).

Due to the plaintiff's admissions, she fails to satisfy the statutory requirements of § 13a-144. The plaintiff admitted that Toelles Road was not a state highway and that Toelles Road is a public road of the town of

---

[2] Practice Book § 239 provides in pertinent part: "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 238 (b), or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

[3] Practice Book § 240 provides in pertinent part: "Any matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Wallingford. To prevail under § 13a-144, the plaintiff must establish that "the commissioner had the statutory duty to maintain the portion of the roadway where the defect was located." *Merola* v. *Burns,* 21 Conn. App. 633, 639, 575 A.2d 1025 (1990). The commissioner does not have a duty to maintain a town road.

The plaintiff, relying on *Cairns* v. *Shugrue,* 186 Conn. 300, 441 A.2d 185 (1982), argues that the requests for admissions were not relevant to her cause of action against this defendant. She argues that the various duties imposed on the commissioner by General Statutes § 13b-200 et seq. establish a cause of action under § 13a-144.

*Cairns* v. *Shugrue,* supra, involved a plaintiff who fell because of an accumulation of ice on Whitney Road, located on the campus of the University of Connecticut. The trial court granted summary judgment for the commissioner concluding that Whitney Road was not part of the "state highway system." Id., 302. Our Supreme Court reversed, holding that where the commissioner has "a legal duty to maintain a particular highway," he can be sued pursuant to § 13a-144 for injuries resulting from negligent performance of that duty. Id., 310. General Statutes § 13b-30[4] required that the commissioner remove ice and snow from Whitney Road where the accident occurred. Id.

*Cairns* v. *Shugrue,* supra, does not control this case because the commissioner is under no statutory duty to repair the Toelles Road intersection. The plaintiff's

---

[4] "[General Statutes] Sec. 13b-30. MAINTENANCE OF ROADS ON STATE PROPERTY. From funds appropriated to the department of transportation for general operations, the commissioner of transportation shall, on request of the state agency having jurisdiction over the property involved, maintain and improve the roads and drives on the grounds of state institutions, state parks, state forests and other state agencies, including the Connecticut Marketing Authority, such maintenance to include the removal of snow."

complaint refers to eight statutory provisions involving railroads and railways. Of these eight statutory provisions, only one statute imposes an affirmative duty on the commissioner to take action regarding a railroad crossing. General Statutes § 13b-345[5] provides that "where the tracks cross at grade on state highways," the commissioner is obligated to provide "traffic control measures." The plaintiff has admitted that Toelles Road is not a state highway, so § 13b-345 does not apply to create a duty on the commissioner. The other statutes in the plaintiff's complaint require the commissioner only to investigate or to make recommendations. Thus, *Cairns* v. *Shugrue,* supra, is distinguishable because in that case § 13b-30 imposed a duty to repair on the commissioner. Id., 303. The statutes raised in the present complaint fail to impose a duty on the defendant to repair that would enable the plaintiff to assert a cause of action under § 13a-144.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] General Statutes § 13b-345 provides in pertinent part: "(a) The commissioner of transportation shall investigate conditions surrounding all railroad crossings with public highways at grade and determine at which of such crossings public safety reasonably requires that any person traveling upon the highway shall come to a stop or proceed with caution before passing over the tracks at such crossing. The commissioner may require the railroad company at each of such crossings so determined to erect and maintain on the highway and within the limits of its right-of-way a 'stop,' 'caution' or other sign of a type approved by the commissioner, and may require the company at any grade crossing to erect and maintain stop, caution, warnings or other signs of a type approved by the commissioner, but where the tracks cross at grade on state highways, the state traffic commission shall prescribe the nature of traffic control devices and traffic control measures to be installed at such grade crossings. When traffic control measures are to be installed on state highways, they shall be furnished and installed by the commissioner of transportation."