[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (147)
Defendant's motion for summary judgment is dated CT Page 2148 December 13, 1991. It relies upon the Appellate Court's ruling in Gagne v. National Passenger Corporation, 26 Conn. App. 74 (October 22, 1991, cert. denied November 13, 1991.) On an earlier occasion, October 25, 1990, defendant moved for summary judgment relying upon the trial court ruling in the same case, Gagne v. Burns, et al, CV870338607S. In Gagne, Judge Ripley ruled that "A claim based upon a failure to improve a highway is not a highway defect giving rise to a cause of action under section 13a-144
C.G.S." The Appellate Court sustained the trial court holding that the dispositive issue is whether the Commissioner was obligated to keep Toelles Road in repair, thus giving rise to liability under section 13a-144. The court found as a matter of law the Commissioner did not have a duty to repair Toelles and therefore affirmed the decision of the trial court granting summary judgment in favor of the Commissioner.
There is no doubt that both this action and the Gagne action arise out of an accident that occurred on November 18, 1985 at a point where the Amtrak Railroad tracks cross Toelles Road, a town road in Wallingford, Connecticut, which as noted earlier in Gagne, Id. p. 76, the Commissioner did not have a duty to repair. However, plaintiff's complaint refers to defects in Route 5, a state road which the state does have a duty to maintain.
In his decision on the defendant's earlier motion for summary judgment, Judge Burns denied the motion reasoning that while a defect in the plan of a highway is generally not actionable [under 13a-144] such a defect may be actionable "where the plan of construction [Route 5] would have been in such defective condition as to have been out of repair from the beginning." Donnelly v. Ives, 159 Conn. 163, 167 (1970). He concluded this is a factual issue; I concur.
The plaintiff's complaint also raises the issue that the sign and the overhead signals on Route 5 are owned, maintained and controlled by the defendant, Commissioner of Transportation, State of Connecticut, and that these are defective and contributed to the fatal accident which occurred on Toelles Road, a town road adjacent to Route 5.
Whether or not a defect in a state highway can be a substantial factor in producing an accident at a locus beyond or outside of the state right of way appears to raise an issue of fact.
Accordingly defendant's motion (147) is denied. CT Page 2149
DORSEY, JUDGE