[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Gloria Gagne, administratrix, brings a wrongful death action for fatal injuries sustained by her decedent, Michelle Gagne, when the motor vehicle in which the decedent was a passenger was struck by a train at a railway crossing located on Toelless Road, in Wallingford, Connecticut. The plaintiff named as defendants the National Railroad Passenger Corporation ("Amtrak"), the Consolidated Railroad Corporation ("Conrail"), the town of Wallingford, and William J. Burns, the commissioner of transportation for the state of Connecticut. Defendant Burns has since been granted summary judgment in a decision that was affirmed by the Connecticut Appellate Court. Gagne v. National Railroad Passenger Corp.,26 Conn. App. 74, A.2d (1991).
The plaintiff alleges in count three of her amended complaint, the only count directed against the moving defendant, that the town had a duty, imposed by General Statutes 13a-149, to maintain its roadways within its territorial limits in a reasonably safe condition, and that the town breached this duty by failing to maintain the roadway and crossing in a safe condition.
In its answer, the defendants asserted the special defense of sovereign immunity. The plaintiff has replied, closing the CT Page 2622 pleadings.
Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is not genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."' Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1293 (1990). "The moving party has the burden of showing the absence of any genuine issues as to all material facts, which under principles of applicable law entitled him to judgment as a matter of law. The movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984).
The defendant argues that the railroad companies, by virtue of General Statutes 13a-149, are solely responsible for injuries caused by structures placed in or around the railroad crossing and maintained by the railroad companies themselves. General Statutes 13a-149 provides that "[i]f the injury has been caused by a structure legally placed on such road by the railroad company, it, and not the company bound to keep the road in repair shall be liable therefor." The plaintiff claims, however, that the town is liable for its failure to maintain its roadways, not necessarily for the placement and maintenance of the crossing structures themselves, including the town's failure to properly grade the road, provide adequate lighting, and to warn of the existing dangerous condition. The defendant town has not presented any "affidavit or other documentary evidence" to dispute the plaintiff's claims that the town was negligent in failing to maintain its own roadways in a non-negligent manner. Insofar as these allegations remain unchallenged, the moving defendant has not met its burden of proving the absence of any genuine issue as to all material facts, and that an issue of fact concerning the town's performance of its duties to construct and maintain highways which are not defective remains unresolved. Furthermore, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, supra, 446 Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199,319 A.2d 403 (1972).
The defendant also argues that it is entitled to summary judgment because the plaintiff cannot, as a matter of law, prove that the defendant's delicts were the sole proximate cause of the decedent's fatal injuries. The plaintiff argues that summary judgment is inappropriate because issues of causation present a question of fact for the jury to decide. It should be noted that the moving defendant has come forward with no CT Page 2623 documentary or other evidence establishing that it is not the sole proximate cause of the plaintiff's injuries. The defendant has not met its burden of proving that no genuine issue of material fact exists. Furthermore, "the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined by the court or jury as the parties elect." Ely v. Murphy, 207 Conn. 88, 97, 540 A.2d 54 (1988) (citations omitted). The court concludes that the issue of proximate cause presents an unresolved issue of material fact; the defendant has not shown that it is entitled judgment as a matter of law.
Based on the foregoing, the court concludes that genuine issues of material fact exist. Accordingly, the defendant Town of Wallingford's motion for summary judgment is denied.
SCHALLER, JUDGE