[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patricia Golembeski, of Stratford, alleges that on August 1, 1986, she was thrown from her bicycle while riding on Main Street in Stratford, when it struck "a deep hole surrounding a sewer grate located in the surface of said public highway."
The first count is directed against the Town of Stratford, and claims that the plaintiff's injuries were due to the negligence of the town in a number of respects. The second count is against the State of Connecticut, and alleges that the plaintiff's fall and injuries were due to the "negligence and carelessness" of the state, and also asserts that she "gave notice to said State as required by Statute."
The state now moves (#118) for summary judgment on the basis that plaintiff has attempted to allege a cause of action against the state in negligence, whereas her only remedy is pursuant to General Statutes13a-144, the defective highway statute. This defendant also claims that even if the second count were construed as setting forth a statutory violation, the notice to the state was untimely.
The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings and Lockwood v. Gray,26 Conn. App. 293, 296-297, 600 A.2d 1040 (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue. The court's function, according to Lomangino v. LaChance Farms. Inc., 17 Conn. App. 436, 438, 553 A.2d 197 (1989), is not to decide the merits of any issues of material fact, but merely to determine whether such issues exist.
It has been clear for a number of years that one injured by reason of a highway defect and making a claim against the state, may not assert a claim in negligence, but rather is limited to the highway defect law, General Statutes 13a-144. See, for example, White v. Burns, 213 Conn. 307, 321,567 A.2d 1195 (1990), and to the same effect Gagne v. National Railroad Passenger Corporation, 26 Conn. App. 74, 76-77, 597 A.2d 836 (1991).
Even if the second count were deemed to invoke General Statutes 13a-144, which might be difficult as there is no reference to this statute, it is clear that the requirement that notice be give within ninety days after the accident was not complied with. The injuries occurred on August 1, 1986, according to the complaint, and the notice to the Commissioner of Transportation is dated November 4, 1986, which is more than the required CT Page 2788 ninety days. Moreover, this statute "must be strictly construed in favor of the state." Gagne v. National Railroad Passenger Corporation, supra, 77.
Since there are no outstanding issues of material fact, and this motion can be decided as a matter of law, a summary judgment in favor of the defendant State of Connecticut may enter with respect to the second count.
So Ordered.
Dated at Bridgeport, Connecticut, this 25th day of March, 1992.
WILLIAM B. LEWIS, JUDGE