[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 1, 1991, the plaintiff (hereafter "Mucci") filed a one count complaint seeking damages for injuries suffered as a result of being a passenger in a vehicle involved in a one car automobile accident. Mucci alleges that the defendant, General Motors Corporation (hereafter "GMC"), is responsible for the injuries because of, inter alia: (1) the defective design of the vehicle at issue, a GMC "Jimmy"; (2) CT Page 5081 the vehicle's propensity to roll over when a sudden turn is required; and (3) a lack of adequate warning regarding the "Jimmy's" propensity to roll over when a sudden turn was required. On October 14, 1991, GMC filed an amended answer and alleged in a special defense that the injuries sustained by Mucci were caused by his own negligence in that he knew or should have known that the operator of the motor vehicle, Robert Murphy, not a party to this action, was impaired and/or intoxicated by alcohol.
On February 27, 1992, Mucci, pursuant to Practice Book Sec. 238, et seq., filed a request for admissions. On March 12, 1993 (emphasis supplied), GMC moved to withdraw those admissions deemed to have been made when it failed to timely respond to Mucci's request. GMC appended an untimely response some thirteen (13) months later to its motion to withdraw admissions.
Where a party fails to respond to a request for admissions, the requests are deemed to have been admitted and the proper vehicle to withdraw these admissions is found in Practice Book, Sec. 240. See Gagne v. National Railroad Passenger Corporation, 26 Conn. App. 74, 77. The cited section provides in part that "[a]ny matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."
Our Practice Book tracks the language of Federal Rule 36(b) which recites that "`[s]ubject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.'" Westmoreland v. Triumph Motorcycle Corporation, 71 F.R.D. 192
(D. Conn. 1976). "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Rule 36, Fed. CT Page 5082 R. Civ. Pro., Notes of Advisory Committee on Rules, 1991 Edition.
The defendant did not file its responses until almost a year after the plaintiff filed requests for admissions. The Westmoreland court emphasized that the decision to allow a defendant to withdraw its admissions is an equitable one based upon the two part test enunciated in Rule 36(b). It went on to find that the plaintiff was unable to demonstrate actual hardship. However, because the admissions were so vital to the defendant's case that they almost amounted to a complete admission of liability, it was unlikely that the plaintiff could reasonably have believed that the defendant intended such an admission. (See Gotler v. Aetna Life Casualty Co., 4 Conn. L. Rptr. 403 (August 21, 1991, Murray, J.)
In the instant proceeding, GMC argues that because of an oversight by counsel, its response was not timely. It continued that argument by urging that allowing withdrawal of the deemed admissions will not prejudice Mucci in maintaining his action on the merits. Conversely, Mucci, in his objection to the motion to withdraw the admissions, argues that he would, indeed, be prejudiced in the presentation of the merits of his case should the court grant GMC's motion. The prejudice he asserts is that, in addition to delaying the trial, he will be required to hire expert witnesses and incur substantial expense in so doing.[1]
However, this court is satisfied that the purpose of Rule 36 and its progeny, as well as our own Practice Book, Sec. 240, is to expedite the trial by removing uncontested issues, and not to call upon the court to try the merits of the case at the discovery stage of the cause. If the court were to deny the defendant's motion, it would put the defendant in the untenable position of admitting that (1) the vehicle in question did not have warning and/or instruction visibly located in the vehicle regarding its lack of stability and propensity to roll over when a sudden turn was required; (2) the defendant was aware that the vehicle in question had the propensity to lose control and/or roll over during sharp turns or abrupt maneuvers; and (3) the defendant was not aware of any evidence which tended to show that the plaintiff knew or should have known that the operation was impaired or intoxicated by alcohol. As in Westmoreland v. CT Page 5083 Triumph Motorcycle Corporation, supra, the admissions are so vital to GMC's case that they almost amount to an admission of liability.
Though the behavior exhibited by defense counsel has been far from exemplary, the court is constrained to find that Mucci has not carried his burden of proving prejudice, for it is highly unlikely that he believed that GMC intended to admit liability in a case such as this where he is seeking damages well into the millions of dollars. If he did rely on that assumption, the court should not "reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure." Westmoreland v. Motorcycle Corporation, supra, 193. Based on the circumstances of this case, and despite the unreasonable delay caused by the omission of defense counsel, the court finds no prejudice resulted to Mucci's case. The plaintiff may seek redress for costs or expenses pursuant to Practice Book, Sec. 241. (See attached, Laskas v. Sargent, No. 080108, April 16, 1992, Healey, J., State Trial Referee.)
The motion to withdraw admissions is granted.
Moraghan, J.
 LASKAS v. SARGENT, No. 080108 (Apr. 16, 1992) PETER LASKAS, DBA v. THOMAS C. C. SARGENT 1992 Ct. CaseBase 3672 ___ CSCR ___ No. 080108 Superior Court Judicial District of Waterbury April 16, 1992
MEMORANDUM OF DECISION
HEALEY, STATE TRIAL REFEREE
 This matter was heard by me at an earlier date and judgment was entered for the defendant. The defendant has now moved for attorney's fees pursuant to Practice Book Section 241. Earlier in these proceedings he had filed requests for admissions under Section 238 and three of those requests were denied by the plaintiff.
CT Page 5084
The first request denied reads:
 The buyer, by his attorney, John H. Welch, Jr., formally notified the seller of his inability to obtain a mortgage commitment on or before March 13, 1987.
 I interpret this to mean that the plaintiff was called upon to admit that such a letter did exist and that it was genuine. I conclude that it was unreasonable to make such a denial when the original letter was either physically in his possession or in the hands of his attorney.
The second request denied reads:
 Said contract by its terms became null and void on or before March 13, 1987 as a result of the buyer giving notice to the seller of his inability to obtain a mortgage commitment on or before that date.
 I do not regard this denial as being unreasonable. As noted in my earlier memorandum, there is a line of cases holding that deadlines in real estate contracts are to be liberally construed and that normally, time is not of the essence. It was not until I reviewed all the evidence that I concluded that in this particular case, the general rule did not apply and that here, time was, in fact, of the essence. Only then did I conclude that the contract became null and void on March 13.
The third request denied reads:
 At no time during the pendency of said listing agreement did plaintiff produce a purchaser ready, willing and able to purchase said condominium.
 Whether or not this was a correct statement depends upon whether or not the contract became void on March 13, so for the same reasons that I concluded that the second denial was not unreasonable, I conclude that this denial was not unreasonable.
 The defendant maintains that if it had not been for these denials, a trial would have been obviated and therefore, he claims total value of legal services should be awarded to him. I CT Page 5085 disagree. A trial was necessary to determine whether or not time was of the essence. Proving the letter of Attorney Welch required only minimal time and effort. A reasonable fee for that is $150.00. True, there was the expense of subpoenaing Attorney Welch, but that is properly includable in the defendant's bill of costs.
The defendant is awarded an attorney's fee of $150.00.
 J. HEALEY STATE TRIAL REFEREE