[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM Re: Plaintiff's Request for Order (# 110, 111)
The plaintiffs, Richard A. Baker and Mary B. Baker, commenced this breach of contract action against the defendants, Eric B. Outwater and Environmental Health Services, Inc., to collect sums allegedly due and owing under a purchase agreement and a guaranty and security agreement. On December 23, 1994, the plaintiffs filed with the court notices that Requests for Admissions had been served on each of the defendants. Pursuant to Practice Book Sec. 228, the plaintiffs have now filed a request that the court enter a order that their Requests for Admissions be deemed granted, and that any responses filed after January 22, 1995 shall be of no force or effect.
The plaintiffs mistakenly rely in their requests on Practice Book Sec. 228, which applies to Requests for Production, Inspection, and Examination. The appropriate Practice Book Section is Section 239, which provides that "[e]ach matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice . . . or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." The plaintiffs, therefore, do not need a court order granting their request for admissions. Such requests are deemed admitted if the party to whom the request is directed does not respond within thirty days. Practice Book Sec. 239; see Gagne v. National Railroad Passenger Corp., 26 Conn. App. 74,77, 597 A.2d 836 (1991).
Furthermore, the court cannot order at this time that any CT Page 2297 responses filed by the defendants after January 22, 1995 shall have no force or effect. Under Practice Book Sec. 240, the court on motion may permit in certain circumstances withdrawal or amendment of admissions filed beyond the thirty day time limit. See Mucci v.General Motors Corporation, 9 Conn. L. Rptr. 145 (May 24, 1993, Moraghan, J.) (allowing a party's motion to withdraw admissions even though party had failed to respond to the requests for thirteen months). Therefore, the plaintiff's requested order is not appropriate, since the defendants under Practice Book Sec. 240 may move to withdraw or amend the admissions.
Since the defendants failed to respond to the requests for admissions within thirty days, the plaintiffs' requests for admissions are deemed admitted by operation of Practice Book Sec. 239.
PICKETT, J.