[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 28, 1995, the plaintiff, Debra M. Catuccio, filed a negligence action against the defendants, Reynold Zolyomi and Coca-Cola Bottling Company of New York, Inc. The plaintiff claims that on March 3, 1994, while she was driving eastbound on the exit ramp of exit 27 on Interstate 84 east, the van driven by defendant Zolyomi and owned by defendant Coca-Cola, collided with the rear end of her car. (Plaintiff's complaint, ¶¶ 1-6.) The complaint alleges that the collision was caused by Zolyomi's negligence. (Plaintiff's complaint, ¶ 9.) CT Page 9643
After receiving an extension of time in which to file a response to the plaintiff's complaint, the defendants filed an answer on March 1, 1996 asserting the special defense of contributory negligence by the plaintiff. Subsequently, on April 15, 1996, pursuant to General Statutes § 52-572h (c) and Public Act 95-111, the defendants filed an apportionment complaint against J. William Burns, commissioner of transportation for the State of Connecticut ("commissioner"), the apportionment defendant.
The defendants allege that the collision between the plaintiff and defendant Zolyomi was caused when "the Plaintiff's car collided with a large pile of snow, approximately two feet deep, that was deposited upon the travelled portion of the highway by a plow operated by or on behalf of" the commissioner and which caused the plaintiff's car to "suddenly decelerate and spin out of control." (Apportionment complaint, ¶¶ 5-6.) The apportionment complaint further alleges that although defendant Zolyomi "was exercising due care at this time, the sudden change in speed and positioning of the Plaintiff's car caused the Defendant's van to contact with the rear end of the Plaintiff's car." (Apportionment complaint, ¶ 7.)
Finally, the apportionment complaint alleges that "[t]he collision, and the Plaintiff's injuries, if any, were proximately caused by the breach of statutory duty of the Apportionment Defendant, his agents or servants" by negligently depositing an accumulation of snow upon the travelled portion of the highway, failing to warn travellers of the dangerous condition, failing to correct the dangerous condition, and maintaining a highway that was not reasonably safe for the purposes and uses intended. (Apportionment complaint, ¶ 9.) Accordingly, the defendants "demand an apportionment of liability between all parties and the Apportionment Defendant at the trial of this action pursuant to Connecticut General Statutes § 52-572h."
On June 10, 1996, the commissioner filed a motion to dismiss the apportionment complaint "on the grounds that this court lacks subject matter jurisdiction over the same in that the `Apportionment Complaint' fails to plead sufficient facts to bring it within the exception to sovereign immunity provided by General Statutes § 13a-144." (Commissioner's motion to dismiss.) Pursuant to Practice Book § 143, the commissioner filed a memorandum in support of his motion to dismiss the CT Page 9644 apportionment complaint, and the defendants filed a timely memorandum in opposition.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 143; Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.)Antinerella v. Rioux, 229 Conn. 479, 489, 642 A.2d 699 (1994). "When a [trial] court decides . . . a motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Id.
The issue presented in the present case is whether the commissioner of transportation can be brought into this negligence action for the purpose of apportioning liability. In his memorandum in support of his motion to dismiss the apportionment complaint, the commissioner contends that he is immune from liability under the doctrine of sovereign immunity and that Public Act 95-111 prohibits bringing immune parties into an action for the purpose of apportionment. The commissioner argues that because the defendants did not plead in their apportionment complaint that either they or the plaintiff provided the commissioner with the ninety days notice required by General Statutes § 13a-144, the complaint fails to plead sufficient facts to bring it within the exception to sovereign immunity provided by § 13a-144, and therefore, pursuant toPublic Act 95-111, the commissioner, as an immune party, cannot be brought into this action for the purpose of apportionment. (Commissioner's memorandum in support of motion to dismiss, pp. 4-5.)
In their objection to the commissioner's motion to dismiss the apportionment complaint, the defendants contend that §13a-144 does not require notice for an apportionment action since apportionment does not constitute a "cause of action" and is not an action to recover damages. The defendants further argue that requiring notice of an apportionment complaint frustrates the policy of Tort Reform to eliminate joint and several liability, by making the defendants liable for the entire share of the plaintiff's damages, even though the commissioner may have caused those damages in whole or in part. (Defendants' objection to motion to dismiss, pp. 2-3.) CT Page 9645
The plaintiff's and defendants' failure to provide or allege to have provided the commissioner with notice of injury or suit within ninety days of the plaintiff's injury fails to bring the apportionment complaint within the statutory waiver of sovereign immunity provided by § 13a-144 and therefore renders the commissioner immune from suit under the defective highway statute. Because the commissioner is immune from the underlying action, pursuant to Public Act 95-111, he cannot be brought in to the action for the purpose of apportioning liability. In the interest of clarity, this memorandum addresses the latter submission first.
Public Act 95-111, applicable to this and all civil actions filed on or after July 1, 1995, provides in pertinent part: "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h
of the general statutes." Public Act 95-111 §§ 1(c) and 2.[1] Whether and when the state, which is usually immune, may be brought into a suit for apportionment purposes is further explained by comments made by the proponent of Substitute Senate Bill No. 1012 before the Connecticut General Assembly, House of Representatives, immediately prior to passing Public Act 95-111. When asked if a third party could bring into a case the State of Connecticut or a municipality that was not named by the plaintiff, Representative Lawlor replied: "[i]f a town or a governmental entity, as you indicate, could have been a defendant prior to the time the statute of limitations ran, they could be brought into the case after the time the statute runs." 38 H.R. Proc., Pt. 9, 1995 Sess., p. 3670, remarks of Representatives Dale W. Radcliffe and Michael P. Lawlor. The above language therefore indicates that the legislative intent ofPublic Act 95-111 regarding the sovereign was to permit parties to bring the state into an action as an apportionment defendant only if the state could have been made an original defendant in that action.
In the present case, therefore, in order to determine whether the commissioner can be brought in as an apportionment defendant, it is necessary to determine whether the commissioner could have been an original defendant in the underlying action. Because the commissioner is an officer of the state, whether he can be sued in his official capacity depends upon whether the state has waived its common law immunity from suit.[2]
CT Page 9646
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. . . ." (Citation omitted; internal quotation marks omitted.) Bresnan v.Frankel, 224 Conn. 23, 25-26, 615 A.2d 1040 (1992). "[T]he state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of [§ 13a-144]. . . ." (Citation omitted.) Amore v. Frankel,228 Conn. 358, 364, 636 A.2d 786 (1994). Because § 13a-144
creates a legislative exception to the common law rule of sovereign immunity, it must "be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed. . . ." (Internal quotation marks omitted.) Kuchinskiv. Burns, 23 Conn. App. 198, 200, 579 A.2d 585, cert. denied,216 Conn. 826, 582 A.2d 204 (1990), quoting Duguay v. Hopkins,191 Conn. 222, 232, 464 A.2d 45 (1983); see also Bresnan v. Frankel, supra, 224 Conn. 26. "Therefore, when a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity." Amore v. Frankel, supra, 228 Conn. 365.
Section 13a-144 provides in pertinent part: "[a]ny person injured . . . by means of any defective highway . . . which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages . . . against the commissioner. . . . No such action shall be brought . . . unless notice of such injury . . . has been given in writing within ninety days thereafter to the commissioner." General Statutes § 13a-144. "The notice requirement contained in § 13a-144 is a condition precedent, which, if not met, will prevent the destruction of sovereign immunity." Lussier v.Department of Transportation, 228 Conn. 343, 354, 636 A.2d 808
(1994). "The ninety day notice provision in § 13a-144 is clear and unambiguous. The plaintiff must give the commissioner notice within ninety days of the date of injury in order to maintain an action under the statute." Warkentin v. Burns,223 Conn. 14, 21, 610 A.2d 1287 (1992). "[I]njured parties, to meet the requirements of the statute, must either individually or through a representative, notify the commissioner that they have filed or intend to file a claim against the state for damages caused by a defective condition." Id., 18.
In the present case, none of the parties alleges that notice of the plaintiff's injury or of any of the parties' intent to CT Page 9647 file suit was ever given to the commissioner. Because the §13a-144 notice requirement is a condition precedent to suit against the commissioner under the defective highway statute, the parties' failure to plead notice renders the defendants' apportionment complaint insufficient to comport with the legislative waiver of immunity contained in § 13a-144. SeeAmore v. Frankel, supra, 228 Conn. 365; Lussier v. Department ofTransportation, supra, 228 Conn. 354. Finally, because the commissioner is immune, he cannot be made an apportionment defendant pursuant to Public Act 95-111.
While the operation of the notice provision in § 13a-144
in conjunction with the requirements of Public Act 95-111 does require the defendants to bear the brunt of the liability in this case and, to some extent, may "frustrate the purpose of Tort Reform," the language of Public Act 95-111 and the comments of Representative Lawlor make clear that even when a defendant seeks to bring in the state for apportionment, the statutory prerequisites to maintaining a suit must be met. Although the defendant argues that Tort Reform policy requires that defendants be allowed to apportion in the state to share liability under § 13a-144, and they lament that the statutory requirements of § 13a-144 would preclude them from doing so, the Appellate Court has reminded parties "that without General Statutes §13a-144 these and other similarly situated plaintiffs would have no cause of action at all." Kuchinski v. Burns, supra, 23 Conn. App. 200
n. 3.
In light of the foregoing, the commissioner's motion to dismiss the defendants' apportionment complaint is granted on the ground that the commissioner is immune under the doctrine of sovereign immunity since the requirements of General Statutes § 13a-144 have not been met. The Commissioner therefore cannot be made an apportionment defendant pursuant toPublic Act 95-111.
PECK, J.