[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a second amended complaint, dated June 1, 1995, the plaintiff, Ralph D'Errico, alleges that he was injured in a parking lot when he stepped on an empty vodka bottle, slipped and fell. He further alleges that the defendants, Stop Shop, M.C. Corp. and/or Kimco Development Corp. "controlled, possessed, managed, operated, supervised and/or maintained the aforementioned premises."
On August 11, 1997, Stop Shop filed a motion for summary judgment. In support of its motion, Stop Shop attached a copy of the lease, a copy of Stop Shop's request for admissions directed to M.C. Corp., and a copy of an affidavit from the senior general liability adjuster of Stop Shop. D'Errico has filed nothing in opposition to the motion.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384.
"The opposing party to a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . The existence of the genuine issue of material fact must be CT Page 12111 demonstrated by counteraffidavits and concrete evidence." Pion v. SouthernNew England Tel., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
In the present case, Stop Shop maintains that it leases the premises from M.C. Corp., subject to a written lease agreement in which M.C. Corp. agreed to maintain the parking lot, to hold Stop Shop harmless, and to indemnify Stop Shop.
Liability for injuries caused by defective premises is based not on ownership but on possession and control over the property. Mack v. Clinch,166 Conn. 295, 296, 348 A.2d 669 (1974). "It is the possession of land that imposes the liability for injuries, rather [than] the ownership of land . . . because the person in possession is in a position of control and is best able to prevent harm." Charest v. Burger King Corp, Superior Court, judicial district of Hartford, Docket No. 395749, (March 3, 1993,Aurigemma, J.). "Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease." Id.
A lease is a contract and its construction presents a question of law for the court. Robinson v. Weitz, 171 Conn. 545, 551, 370 A.2d 1066
(1976). Control is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control. Panaroni v. Johnson, 158 Conn. 92, 98-99, 256 A.2d 246 (1969). "We have recognized that, under the common law, landlords have a duty to use reasonable care to maintain in a reasonably safe condition those areas of their premises over which they exercise control." Gore v. People'sSavings Bank, 235 Conn. 360, 373, 665 A.2d 1341 (1995).
In this case, Stop Shop served a request for admissions dated March 5, 1997 on M.C. Corp. The requests for admissions asked M.C. Corp. to admit that the lease, including those provisions which indicate control of the parking lot belonging to M.C. Corp., was in effect at the time of the alleged injury. (Stop Shop Memorandum, Exhibit B).
Pursuant to Practice Book § 239, a plaintiff's failure to respond to the defendant's request for admissions will result in the requests being deemed to have been admitted. Allied Grocers Cooperative. Inc. v.Caplan, 30 Conn. App. 274, 279, 620 A.2d 165 (1993). "The granting of a summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions." Gagne v. National RailroadPassenger Corp., 26 Conn. App. 74, 77, 597 A.2d 836, cert. denied, CT Page 12112220 Conn. 932, 599 A.2d 382 (1991).
"In Orenstein v. Old Buckingham Corporation, [205 Conn. 572,534 A.2d 1172 (1987)] . . . our Supreme Court affirmed the granting of a summary judgment on the basis of admissions by a party who did not respond to requests to admit, even though an opposing affidavit was filed."Allied Grocers Cooperative. Inc. v. Caplan, supra, 30 Conn. App. 280.
In the present case there have been no opposing affidavits or memorandum filed. Similarly, no responses have been made to the requests to admit. Because M.C. Corp. did not respond to the request for admissions, it has been deemed to admit that the lease was in effect. The provisions of the lease are unambiguous. Accordingly, this court finds that M.C. Corp. has possession and control of the parking lot.
The lease agreement between Stop Shop and M.C. Corp. contains two pertinent provisions. In Article VI, § 1(c), M.C. Corp. agreed to keep and maintain the parking lot "in good repair and condition and reasonably free of snow, ice, refuse and other obstructions." (Emphasis added.) (Stop Shop Memorandum, Exhibit A, p. 5). Conversely, Stop Shop covenants in Article IX(c) to "keep and maintain the sidewalks adjacent to said demised premise clean and free from rubbish, trash and garbage, and reasonably free of snow and ice, and to store all trash and garbage within the demised premises and arrange for regular pick-up thereof." (Exh. A, p. 7).
In Article X(2) of the lease, M.C. Corp agreed to "save Tenant harmless and indemnified from and against all injury, loss, claims or damage to any person . . . while on or about the parking area . . . ."
(Emphasis added.) (Exh. A, p. 8). Stop Shop, in Article X(1), agreed to "save Landlord harmless and indemnified from all injury, loss, claims or damage to any person or property while on the demised premises . . . ."
(Emphasis added.) (Exh. A, p. 8).
Summary judgment has been granted on the basis of the provisions of a lease where the opposing parties have not responded to requests for admissions and have not filed a memorandum in opposition. In Jackson v.Stop Shop Supermarket, the court granted a motion for summary judgment based on the provisions of a lease. The lease provided that the "landlord shall maintain all of the Common Facilities in good order, repair and condition, free of snow, ice and refuse, and free of obstructions, but Landlord shall not be required to remove snow and ice from landscaped areas or to remove, snow ice or refuse from the sidewalks adjacent to the demised premises." Jackson v. Stop Shop Supermarket, Superior Court, Docket No. 062946, (April 28, 1995, Walsh, J.)
CT Page 12113
The court granted the motion for summary judgment. "Absent some evidence presented by the plaintiff that Stop Shop did, in fact, exercise control over the pathway, reliance on the aforementioned language in the lease is insufficient to create an issue of material fact, especially in the face of the evidence submitted by Stop Shop that it did not exercise control over the [area where the injury occurred]. [W]hile issues of negligence, intent and motive are generally ill-suited for summary judgment, the plaintiff must present a factual predicate for his argument in order to raise a genuine issue of fact." Id. See alsoSchroeder v. Triangulum, Superior Court, judicial district of Danbury, Docket No. 317827, (April 24, 1996, Moraghan, J.) (Summary judgment granted on the basis of unambiguous lease provisions); Sloan v. UnitedTechnologies Corp. Pratt Whitney, Superior Court, judicial district of Hartford, Docket No. 532924, (July 25, 1995, Hennessy, J.) (Summary judgment granted where defendant failed to respond to request for admissions).[1]
In the present case, the provisions of the lease are unambiguous. Those provisions establish that M.C. Corporation and its agent Kimco had possession and control of the parking lot at the time of the injury. Because M.C. Corp. did not respond to the request for admissions, those facts are deemed admitted. Stop Shop had no duty to maintain the condition of the parking lot. No other facts were set forth which would create a genuine issue of material fact. For the foregoing reasons, the motion for summary judgment is granted.
Zoarski, Judge Trial Referee