[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #127
The plaintiff, John Sigel of Allstate Building Remodeling, filed a revised complaint on July 22, 1998. The plaintiff alleges that he and the defendant, Stephen Della Bella, entered into a contract whereby the plaintiff was to furnish materials and CT Page 1801 render services to remodel the Lily Lake Inn at 66 Central Avenue, Wolcott, Connecticut, (Inn), for $86,180. The plaintiff further alleges that the parties agreed to additional terms to the contract, referred to as "extras," that have an outstanding balance of $34,860. and work that was to be performed that is valued at $12,000. The plaintiff alleges that he commenced performance of the contract on March 15, 1996, and has furnished the defendant with services and materials in connection with remodeling the Inn. The plaintiff alleges that the defendant owned, still owns, and is in possession of the Inn. The plaintiff further alleges that on October 17, 1996, the defendant was served a written notice that the plaintiff intended to claim a lien upon the Inn, and that a certificate of mechanic's lien was filed with the Town Clerk of Wolcott for the sum of $34,064.
The defendant filed an answer, two special defenses and counterclaim on August 6, 1998. In the first special defense, the defendant alleges that he paid $73,680 plus $7,134.43 for extras to the plaintiff for materials and services rendered pursuant to the contract dated March 15, 1996. The defendant further alleges that he has paid $25,730.11 to other parties for completion of the work and materials that the plaintiff was to perform and supply, and therefore, the defendant has paid a total amount that exceeds the contract price. In the second special defense, the defendant alleges that the plaintiff executed waivers of mechanic's liens relative to the contract on May 24, 1996.
The defendant filed a motion for summary judgment on September 16, 1998, on the ground that the plaintiff executed a series of waivers of mechanic's liens. This motion was denied on November 20, 1998. The defendant served a request for admissions on June 23, 1999, and filed a notice of service of the request for admissions on June 29, 1999 pursuant to Practice Book §13-22. On June 28, 1999, the plaintiff filed a request for extension of time for an additional thirty days to either respond or object to the defendant's request for admissions. This request for an extension of time was neither granted nor denied. On August 30, 1999, the defendant filed a notice of intent to rely on the negative legal effect provided by Practice Book § 13-23
because the plaintiff failed to respond to the request for admissions. The plaintiff filed a notice of compliance on September 7, 1999, to notify the court that he responded to the defendant's request for admissions on September 1, 1999. The defendant filed a motion for summary judgment on September 17, 1999, on the ground that the facts set forth in the request for CT Page 1802 admissions are admitted because the plaintiff failed to respond within the prescribed time. On October 12, 1999, the plaintiff filed an objection to the motion for summary judgment pursuant to Practice Book § 11-10. The defendant filed a supplemental memorandum of law in support of his motion for summary judgment on November 8, 1999.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). The granting of summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions.Orenstein v. Old Buckingham Corp., 205 Conn. 572, 575-577,534 A.2d 1172 (1987); Allied Grocers Cooperative v. Caplan,30 Conn. App. 274, 280, 620 A.2d 165 (1993).
The defendant argues that the facts set forth in the request for admissions have been admitted pursuant to Practice Book §13-23, and therefore, there is no remaining genuine issues of material fact. Practice Book § 13-23(a) provides: "Each matter of which an admission is requested is admitted, unless, within thirty days after the filing of the notice required by Section 13-22 (b), or within such shorter or longer time as the judicial authority may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." "[A] plaintiff's failure to respond to the defendant's request for admissions will result in the requests being deemed to have been admitted. Gagne v.National Railroad Passenger Corp., 26 Conn. App. 74, 77,597 A.2d 836, cert. denied, 220 Conn. 932, 599 A.2d 382 (1991). Moreover, if the plaintiff does not attempt to withdraw or amend [his] admissions pursuant to Practice Book § [13-24][1] . . . the facts recited in the requests for admission are conclusively established. Id." (Internal quotation marks omitted.) DeLorenzov. The North American Bank and Trust Co., Superior Court, judicial district of Waterbury, Docket No. 128985 (May 15, 1997,Vertefeuille, J.); Materials Technology Corp. v. Nagarajan,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 311721 (December 14, 1994, McGrath, J.). CT Page 1803
Therefore, the court finds that there is no genuine issue as to material fact because the plaintiff in the instant case did not respond to the defendant's request for admissions within the thirty (30) day period prescribed in Practice Book § 13-23, or did the plaintiff respond within the additional thirty (30) day period of time that he had requested. In fact, the plaintiff did not respond until sixty-three (63) days after the defendant filed the notice of service of the request for admissions. Consequently, to wit, that the plaintiff made certain repairs and that the defendant made payments for the repairs are conclusively established.
As a result of these admissions, the court finds that there are no genuine issues as to any material fact. Therefore, the defendant's motion for summary judgment is granted.
THOMAS G. WEST, J.