[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO WITHDRAW OR AMEND ADMISSIONS, #111
In this action, the plaintiff, C M Crocco Heating and Air Conditioning Co., Inc., contends that it installed an air conditioning system in a building owned by Bradway B. Adams and Robert Gervasoni as trustees (trustee defendants) and leased by them to Whiting Products, Inc. The complaint includes a cause of action against the trustee defendants for unjust enrichment. The pleadings are closed and the case CT Page 5761 is assigned to trial on May 23, 2000. Pending before the court are the plaintiff's motion to withdraw or amend its response to the trustee defendants' requests for admission and the trustee defendants' objection thereto.
On June 15, 1999, the trustee defendants filed notice that they had served requests for admission on the plaintiff. The plaintiff admits that it failed to respond to the requests.[1] The plaintiff filed its motion to withdraw or amend, with its proposed amendment attached, on April 6, 2000. Practice Book § 13-22(a) provides, in relevant part: "A party may serve . . . upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters relevant to the subject matter of the pending action. . . ." Practice Book 13-23(a) addresses the consequences that may ensue if the party upon whom requests for admission are served does not respond in a timely manner.[2] Pursuant to that section, a party's failure to timely respond to requests for admission results in the requests being deemed to have been admitted. Orenstein v. Old Buckingham Corp.,205 Conn. 572, 576, 534 A.2d 1172 (1987); see also Gagne v. NationalRailroad Passenger Corp., 26 Conn. App. 74, 77, 597 A.2d 836, cert. denied, 220 Conn. 932, 599 A.2d 383 (1991).
The rules of practice also provide a remedy. Practice Book § 13-24
(a) provides, in pertinent part: "Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission." This section delineates the two part test that courts should apply in ruling on a motion to withdraw or amend. Mucci v. General Motors Corp., Superior Court, judicial district of Danbury, Docket No. 306260 (May 24, 1993,Moraghan, J.) (9 Conn.L.Rptr. 145, 146); see also Kelley v. Tomas,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148819 (October 1, 1997, Hickey, J.). "The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission falls to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense on the merits." Practice Book § 13-24(a).
Here, the plaintiff seeks to amend its "deemed" admission to one of the trustee defendants' requests for admission and to substitute a response neither admitting or denying the request. In the request at issue, the trustee defendants requested that the plaintiff admit "[t]hat the rent charged in the Lease for the property included an allowance to offset the cost of the required heating and air conditioning system." (Plaintiff's Motion to Withdraw or Amend Admissions, Exhibit A, p. 3, Request 4.) The plaintiff contends that its ability to present the CT Page 5762 merits of its case will be served and that the trustee defendants will not be prejudiced if the court permits it to amend or withdraw this admission. In opposition, the trustee defendants argue that they will be prejudiced if the admission is withdrawn or amended.
If the court denies this motion, the plaintiff will have essentially admitted that the trustee defendants were not unjustly enriched by the plaintiff's installation of the air conditioning system. This admission would have a significant impact on the plaintiff's ability to present the merits of its case.
On the issue of prejudice, the trustee defendants argue that the purpose of this request for admission was to establish their defense without the need for live testimony. They claim that if the court allows the plaintiff to withdraw or amend its admission, they will be required to incur the expense presenting live testimony at the trial. They concede, however, that they may recover this expense pursuant to Practice Book § 13-25 if, at trial, they prove the truth of the matter asserted in the admission.[3] See Mucci v. General Motors Corp., supra, 9 Conn.L.Rptr. 147. Aside from this expense, they do not show how they will be prejudiced in presenting the merits of their defense.[4]
The plaintiff has shown that the merits of the action will be served if it is permitted to withdraw or amend its response to the request for admission and that the trustee defendants have failed to show that the withdrawal or amendment will unduly prejudice them in presenting the merits of their defense.[5] The motion to withdraw or amend the requests for admission is granted.
 Angela Carol Robinson Judge