[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY 127)
On May 1, 2001, the plaintiffs, Janette Mingrone, guardian of the estate of Tasia Mikan, a minor, and Luis Morales filed a six-count second amended complaint against the defendants, Choice Auto Rental Sales, LLC (Choice), Alexander Michaelwicz (Michaelwicz) and Anthony's High Tech Auto Center, Inc. (Anthony's). The plaintiffs allege that Michaelwicz, while driving a car leased to him by Choice, struck the automobile in which Mikan was a passenger, and Morales the driver, causing physical injuries to both plaintiffs. The plaintiffs also allege that the automobile owned by Choice was in the care and custody of Anthony's for service, when Michaelwicz, its employee, removed the automobile from Anthony's place of business and was subsequently involved in the accident. In counts one and three of the complaint, the plaintiffs claim damages under General Statutes § 14-154a against Choice by virtue of its lease of the automobile involved in the accident. In counts two and four, the plaintiffs seek damages against Michaelwicz for reckless driving. In counts five and six, the plaintiffs seek damages against Anthony's for its negligently failure to properly secure the vehicle, and failure to prevent its unauthorized use by Michaelwicz.
On January 17, 2001,[1] Choice moved for summary judgment on the ground that there are no genuine issues of material fact as to its lack of liability and that it is entitled to judgment as a matter of law. Specifically, Choice argues that there is undisputed evidence that Michaelwicz did not lease the automobile from Choice, and therefore, it cannot be liable for damages under General Statutes § 14-154a, the only basis of liability claimed against it. The plaintiffs have not filed any pleadings in response to this motion.
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to CT Page 9037 judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "[The moving party] is required to support its motion with supporting documentation, including affidavits." Heyman AssociatesNo. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). "The party opposing a motion for summary judgment must present evidence that demonstrates the existence of some disputed factual issue."Pion v. Southern New England Telephone, 44 Conn. App. 657, 663,691 A.2d 1107 (1997).
The plaintiffs' allegations against Choice are solely based on General Statutes § 14-154a, which provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Choice argues that it cannot incur liability under § 14-154a as a matter of law because there is undisputed evidence that it did not lease the automobile to Michaelwicz. Specifically, Choice points to Michaelwicz's answer to the amended complaint, wherein he denies that he leased the automobile from Choice. Choice also submits an uncertified copy of Michaelwicz's response to Choice's request to admit, wherein he admits that he did not lease the automobile from Choice.
"Because [Choice] moved for summary judgment . . . and there [are] no contradictory affidavits, the court [can properly] decide the motion by looking only to the sufficiency of [Choice's] affidavits and other proof." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania, supra,231 Conn. 795. Michaelwicz's denial in his answer that he leased the automobile from Choice merely controverts the plaintiffs' allegations that he did so, and is insufficient by itself to show that there is no genuine issue of material fact on this issue. The copy of Michaelwicz's response to Choice's request to admit is not admissible evidence because it is not certified or signed. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great Country Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997). "Practice Book § 380 [now § 17-45][2], although containing the phrase `including but not limited to,' contemplates that supporting documents to a motion to summary judgment be made under oath or be otherwise reliable." UnitedServices Automobile Assn. v. Marburg, 46 Conn. App. 99, 698 A.2d 914
(1997).
The record indicates, however, that pursuant to Practice Book § CT Page 9038 13-22,[3] on November 3, 2000, Choice filed notice that it had served Michaelwicz with the written request to admit, which includes the request asking Michaelwicz to admit that he did not lease the automobile from Choice. The record also indicates that Michaelwicz did not respond to the request to admit until December 15, 2000. Thus his response was not filed within thirty days of the date Choice filed its notice of filing, as required by Practice Book § 13-23.[4] Pursuant to § 13-23 (a), Michaelwicz is deemed to have admitted the truth of the matters requested therein, and thus has admitted that he did not lease the car from Choice. "The granting of summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions."Gagne v. National Railroad Passenger Corp., 26 Conn. App. 74, 597 A.2d 836, cert. denied, 220 Conn. 932, 599 A.2d 383 (1991). Because the rules of practice establish that Michaelwicz did not lease the automobile from Choice and because the plaintiffs present no evidence to the contrary, there is no genuine issue of material fact with respect to Choice's not leasing the automobile to Michaelwicz and Choice is entitled to judgment as a matter of law as to any liability as to the plaintiffs under §14-154a.
Accordingly, the defendant, Choice Auto Rental and Sales, L.L.C.'s, motion for summary judgment is hereby granted.
SKOLNICK, J.